FLEMING, Judge.
• With regard to the question, whe-
ther this was a public or a private contract, I have no doubt. The whole of Aylett’s conduct shews, that he acted in his public and not in his private capacity. The very nature and style of the' contract proves it; and it must have been known to the plaintiff, that he was negociating as a public agent. I think, therefore, that Aylett was not personally liable. For, it is fully within the influence of the principle in Macbeath v. Haldimand, 1 T. R. [172.] That case is conclusive, and the decisions referred to in it, go the whole length of determining this: particularly, that of Lutterloh v. Halsey; where an action was brought against Halsey, who was a commissary for the supply of forage for the army, by Lutterloh, who had been employed by him in that service, and it was held that the action would not lie. Which is very nearly the case before the Court; and, therefore, may be considered as putting an end to the question as to the original contract.
Nor is there any thing in the subsequent correspondence, which tends, as far as I can discover, to increase the personal responsibility of Aylett. At any rate, it was a question proper for the consideration of the jury. For, I am clearly of opinion, that it ought to have been left to them to consider of the mixt testimony which was offered; and, therefore, that the Court were right in the direction which they gave, according to the opinion of Judge Buller in Macbeath v. Haldimand, [1 T. R. 182; see ante. p. 81.] And as they have decided the fact in favor of the defendant, I see no reason for disturbing a verdict, which I think right upon the merits.
My opinion, therefore, is, that the judgment should be affirmed.
CARRINGTON, Judge.
The question made by the bill of exceptions, is, to the conduct of the Court relative to the instruction given to the jury. One exception taken by the appellant’s counsel was, that the senior Judge.decided positively for the defendant. But, it appears, that the other Judge differing from him, they finally concurred in leaving it to the jury. So, that the first opinion of the senior Judge, whether right or wrong, was unimportant, as the final declaration of both Judges, and not the single *97 opinion of either, was to be the rule. There is, consequently, no cause of complaint upon that ground.
But it was said, that the plaintiff had a right to the Court’s opinion on the evidence, and, therefore, that it ought to have been given. I think, though, that in the present case the jury had a right to decide upon the evidence; and, consequently, that the direction was right. If the jury mistook the law, the plaintiff should have moved for a new trial; or, if he feared it, before the verdict was rendered, he might have prepared notes for a special verdict, or demurred to the evidence: by either of which means, he could have got the Court’s opinion if he had desired it. But, instead of this, he chose to risque his cause with the jury altogether, and, therefore, must submit to the verdict; as he has shewn no error in the proceeding of the Court, which ought to avoid it.
Thus far with respect to the conduct of the Court;
But, upon the merits of the case, I am of opinion, that the verdict was right: for, the facts disclosed in the record, ck rly pi’ove, that ./lyletl contracted in his public, and not in his private capacity. His answer to the original proposal is designated by his public character; and it is not probable, that he would, upon his own account merely, have made so many large contracts as it appears he did. Neither is it presumable, that any person would have preferred him to the public in such a transaction, or that he would have taken a risque upon himself, which might have iixvolved him in ruin. The principle established in Macbeath v. Haldimand, 1 T. R., 172, is, that an officer appointed by government, and treating as an agent for the public, is not liable to be sued upon contracts made by him in that capacity: which is precisely the situation of Aylett, according to the facts contained in the record; and, therefore, that case may be considerecl as an express authority in favor of the defendant, upon the merits of the cause. So, that the jury appear to me to have decided” rightly upoi* the evidence. But, we are determining on the bill of exceptions, which discloses no error in the conduct of the Court; and, therefore, I am for affirming the judgment.
PENDLETON, President.
The record is, apparently, voluminous; but it is short as to the proceedings in Court, the length being occasioned by the insertion of the evidence. Whether this be the whole ^evidence produced *98 at the trial, don’t appear: but it seems, from the bill of éxceptions, as if the question agitated in the Court, turned upon the contract and the conduct of Mr. Jlylett, as appearing from that testimony: And if it was proper for this Court to decide upon the justice of the verdict, they might have thought themselves at liberty to do so, upon the evidence stated.
But, it is not the verdict of the jury, but the opinion of the Court, that we are to examine into, upon the bill of exceptions.
That opinion, we must take from the final direction of the Court, and not from an opinion delivered by one Judge and retracted by him, on discovering that his associate differed from him. The opinion of the Court was, to leave the whole matter to the jury, with this direction, that if they thought Jlylett had, by his contract, or subsequent conduct, made himself personally liable, they were to find for the plaintiff; if not, for the defendant.
In Butter’s N. P., 316, it is laid down from Sir Thomas Raymond, 405, [Chichester v. Philips,] and I do not find it controverted, that if the Judge allow matter to be evidence, but not conclusive, and so refer it to the jury, no bill of exceptions will lie; and, accordingly, in the case of Macbeath v. Haldimand, the motion for a new trial is founded upon the Judge not having left the evidence to the - jury, as well as on his having given a misdirection on a point of law.
It was said, this was a misdirection, as it was a question of law which should not have been left to the jury, since it is the right of every party to • have a point of law decided by the Court: And it is true, that such is the right of parties.
Let it be observed, however, that we are not in the state of the Court of King’s Bench, on motions for new trials on misdirection of the Judge at the nisi prius trials, which are subordinate to and are decided upon the same principles, as if in the Court itself. They take the history of the trial from one of their body, who presided over it, giving his statement full credence.* But we are an appellate Court, hearing the appeal from an inferior Court of distinct jurisdiction, and can judge only from what appears on the record.
*99 Prom that source it should appear, that the appellant asserted his claim to have the point of law tried by the Court at the time of the trial; and it should be shewn on the record: that the question was upon a point of law: Which may be done several ways. By moving for the direction of the Court immediately, orto reserve the point of law on the case stated on the record, or, to move the Court to direct the jury to find a special verdict upon notes offered, shewing a question of law, or by demurring to the evidence, bring the whole question of law and fact before the Court. *
None of these steps, appear to have been taken by the plaintiff. On the contrary, for any thing which appears, he seems to have been willing to submit the whole matter to the jury. He does not move for any thing ; but, the defendant having moved for a direction to the jury to find for him, the plaintiff opposes it, and successfully too: for, the Court leave it to the jury, after which, he does not demur to the evidence, but excepts, and that not to the opinion of the Court, but to that of one Judge given and retracted.
In that view, it is an exception without a precedent.
If, we view the evidence with regard to the points on winch the Court properly left it to the jury, namely: 1. Whether Jlylett bound himself personally by the contract; it will appear, that the contract was with Jlylett in his character of public agent, so as to bind government and not himself personally; and this is proved, not by the parade of letters called caballistic only, but by Col. Syme’s original proposals to deal with him as a a public agent. So, that upon that point, the verdict was right both in law and fact. 2. As to the subsequent conduct of Mr. Jlylett to charge himself; that was surely a fact proper for the jury: and, if it was proper to decide on it, I can only say, that there is a defect in the evidence to enable me to do so, which I presume might have been supplied on the trial.
The dispute was about price, a proper subject for the jury ; and, it is to be lamented, that the parties had not settled it, when no loss to either would have happened : But, like *100 many others, they got angry and went to law, and must abide by the consequence.
It is said, it appears, JLyle.lt was indebted to the United States; and, that upon the third count for money, had, and received to the plaintiff’s use, Syme may recover. But, the counsel appears to have mistaken the count, which is for money laid out and expended by the plaintiff for the use of the defendant, and not for money had and received, as he supposed. But, it don’t appear that Jlylett is indebted. Harrison says he was indebted upwards of eight millions of dollars by the treasury books: And Tate says, that by Jlylett’s books there appears a small balance either way, but he cannot recollect which.
So, that the fact is undetermined until that account be settled.
Affirm the judgment.*

[* King v. Poole, Cas. Temp. Hard. 20; Major v. Oxenham, 5 Taunt 341; Bennett v. Hardaway, admr. 6 Munf. 131, and Abbott, C. J. in Wickes v. Gordon, 1 Chitty’s R. 64.]

[* But when a party has chosen to appeal to the opinion of the Court in one particular form, he shall not upon the same ground only, take another chance for the opinion of the same Court in another form. Therefore, after the points of law had been deei. ded by the Court, on a motion to instruct the jury ujjon the law, it was held too late to insist on a special verdict. McWilliams v. Smith, Post, 123.]

[* See Tutt v. Lewis, 3 Call, 233; Hodgson v. Dexter, 1 Cranch, 345; Walker v. Swartwout, 12 Johns. R. 444 ; Olney v. Wickes, 18 Johns. R. 122.]