The Chief
 
 Justice,
 

 after stating the terms of the lease, and the pleadings, delivered the unanimous opinion of the court.
 

 The plaintiff in error has made two points.
 

 1st. That under this contract, the defendant was bound in his private capacity.
 

 2dly. That the matter, pleaded in his plea, did not shew the casualty, by which the buildings were destroyed, to have been inevitable.
 

 This court give no opinion on the second point, being unanimous in favor of the defendant on the first.
 

 It appears, from the pleadings, that congress had passed a law authorizing and requiring the president to cause the public offices to be removed from Philadelphia to Washington; in pursuance of which law, instructions, by the president, were given, and the offices belonging to the department of war were removed; that it became necessary to provide a war office, and that for this purpose, and no other, the agreement was entered into by the defendant who was then at the head of this department. During the lease, the building was consumed by fire.
 

 It is too clear to be controverted, that where a public agent acts in the line of his duty and by legal authority; his contracts made on account of the government, are public and not personal.
 

 They enure to the benefit of, and are obligatory on the government; not the officer.
 

 A contrary doctrine would be productive of the most injurious consequences to the public, as well as to individuals. The government is incapable of acting otherwise than by its agents, and no prudent man would consent to be
 
 *364
 
 come a public agent, if he should be made personally responsible for contracts on the public account. This subject was very fully discussed in the case of Macbeath
 
 v.
 
 Haldimand cited from first term reports; and this court considers the principles, laid down in that case, as consonant to policy, justice and law.
 

 The plaintiff has not controverted the general principle, but has insisted, that, in this case, the defendant has, by the terms of his contract, bound himself personally.
 

 It is admitted that the house was taken on account of the public, in pursuance of the proper authority; and that the contract was made by the person at the head of the department, for the use of which it was taken; nor is there any allegation, nor is there any reason to believe, that the plaintiff preferred the private responsibility of the defendant, to that of the government; or that he was unwilling to contract on the faith of government. Under these circumstances, the intent of the officer to bind himself personally must be very apparent indeed, to induce such a construction of the contract.
 

 The court can perceive no such intent. On the contrary, the contract exhibits every appearance of being made with a view entirely to the government.
 

 The official character of the defendant is stated in the description of the parties. This, it has been said, might be occasioned by a willingness in the defendant to describe himself by the high and honorable office he then filled. This, unquestionably, is possible, but is not the fair construction to be placed on this part of the contract, because it is not usual for gentlemen, in their private concerns, to exhibit themselves in their official character.
 

 The tenement is let to “the said Samuel Dexter and “his su
 
 ccessors;"
 
 an expression plainly evidencing that it was not for himself, otherwise than as secretary of war; and that the lessor so understood the contract. It is also evincive of the correctness of the observation of the defendant, that the words “said Samuel Dexter,” refer to him in his official character, as described in the premises. The habendum is “to have and to hold the said demised
 
 *365
 
 “premises to him the said Samuel Dexter and his
 
 succes
 
 “
 
 sors”
 
 &c. showing, that to the knowledge of the lessor, if Mr. Dexter should go out of office the next day, the successor to the war department would succeed also the occupancy of the office.
 

 The covenant for quiet enjoyment during the term is with the said Samuel Dexter and his
 
 successors,
 
 and is, that they, as well as he, shall enjoy.
 

 The covenant on the part of Mr. Dexter, on which the suit is brought, is for himself and his
 
 successors.
 

 The whole face of the agreement then manifests very clearly a contract made entirely on public account, without a view, on the part of either the lessor or lessee, to the private advantage or responsibility of Mr. Dexter.
 

 The only circumstance which could excite a doubt was produced by the technical operation of the seal. This, in plain reason and common sense, can make no difference in designating the person to be responsible for the contract; and so it has been determined in the case cited from the 1st
 
 Term
 
 rep. 674,
 
 (Unwin v. Wolseley.)
 

 The court is unanimously and clearly of opinion, that this contract was entered into entirely on behalf of government, by a person properly authorized to make it, and that its obligation is on the government only.
 

 Whatever the claims of the plaintiff may be, it is to the government, and not to the defendant, he must resort to have them satisfied.
 

 Judgment affirmed with costs.