The cause was submitted without argument.
The only question which can arise in this case is, Who are the persons who are parties to this deed? In ascertaining this, it is the duty of courts to look into the whole of the contract, with a view of discovering who were contemplated by the actors in the transaction to be those persons on whom the responsibility was to rest. Whoever these shall turn out to be, they in law are to be considered as the parties.
It was for a long while held that the technical mode of signing the instrument was conclusive, and that, therefore, though in the body of the deed it should be clearly shown who the parties were, yet if executed by the agent, without it was done in the name of the principal by his agent, that the agent becomes personally bound.
Modern decisions have, however, overruled this distinction, and have placed the responsibility upon what, by the plain terms of the contract, appeared to be the understanding of those concerned. Unwin v. Wolsely, 1 Term, 674, and Hodgeson v. Dexter, in 1 Cranch, 345, are decisive of this point. In each of those cases the defendant had executed the deed by signing his own name, without any representative character, and affixing his seal. In the present case the defendant expressly signs as "agent for Lorent," so that if anything could be inferred (181) *Page 142 
from the manner of signing, this is stronger than those which have been decided. It is no answer for the plaintiffs to say that unless the defendant be bound, no one will; for both the cases cited furnish that answer also. From whose fault has this difficulty arisen? Suppose the deed had been executed "P. E. Lorent, by A. Lazarus, his attorney," must not the plaintiffs then show that Lazarus was authorized before Lorent would be responsible? The same result follows in both cases. Therefore, as the whole of this deed, from the beginning to the end, expressly states the contract to be made by Lazarus, not in his individual capacity, but as representing P. E. Lorent, we are of opinion that he is not personally bound, and that, therefore, the rule for new trial should be discharged.
NOTE. — See Delius v. Cawthorn, 13 N.C. 90; Redman v. Coffin,17 N.C. 441; Oliver v. Dix, 21 N.C. 150; Hite v. Goodman, ibid., 364.
Cited: U.S. v. Blount, post, 185; Harvey v. Pike, post, 521; Locke v.Alexander, 8 N.C. 416; Godley v. Taylor, 14 N.C. 179; McCall v.Clayton, 44 N.C. 423; Bryson v. Lucas, 84 N.C. 683; Russell v. Koonce,104 N.C. 241; Rounsaville v. Ins. Co., 138 N.C. 195; Hicks v. Kenan,139 N.C. 344.