Seawell, J.
delivered the judgment of the Court.
The only question which can arise in this case is, who are the persons who are parties to this deed? In ascertaining this, it is the duty of courts to look into the whole of the contract, with a view of discovering who were contemplated by the actors in the transaction, to be those persons on whom the responsibility was to rest. Whoever these shall turn out to be, they, in law, are to be considered as the parties.
It was for a long while held that the technical mode of signing the instrument, was conclusive, and that, therefore, though in the body of the deed it should be clearly shewn who the parties were, yet if executed by the agent, without it was done in the name of the principal by his agent, that the agent becomes personally bound.
Modern decisions have, however, overruled this distinction, and have placed the responsibility upon what, by the plain terms of the contract, appeared to be the understanding of those concerned. The cases of Unwin v. Wolseley, reported 1 Term Rep. 674, and Hodgeson v. Dexter in 1 Cranch 345, are decisive of this point. In each of those cases the defendant had executed the deed by signing his own name, without any representative character, and affixing his seal: *84 in the present case the defendant expressly signs as “ agent for Lorent,” so that if any thing could be inferred from the manner of signing, this is stronger than those which have, been decided. It is no answer for the plaintiffs to say that unless the defendant be bound no one will; for both the cases cited furnished that answer also. From whose fault has this difficulty arisen? Suppose the deed had been executed “ P. E. Lorent, by A Lazarus his attorney;" must not the plaintiffs then shew that Lazarus was authorised before Lorent would be responsible? The same result follows in both cases. Therefore, as the whole of this deed, from the beginning to the end, expressly states the contract to, be made by Lazarus, not in his individual capacity, but as representing P. E. Lorent, we are of opinion that he is not personally bound, and that, therefore, the rule for new trial should be discharged.