Judge Mills
delivered the opinion.*
James Taylor, district pay-master of the United States during the late war, drew sundry drafts or army bills on the pay master of the United Slates’ army, of Which the following is a correct specimen, to wit:
“Newport, Kentucky, Sept. 2,1814.
“Exchange for $4709.
“Sir — After ten days sight of this my third of exchange, (first and second of the same tenor and date unpaid) please to pay to lieutenant William D. Haydon, pay-master of the 2Stb regiment United States’ infantry, or order, four thousand seven hundred and nine dollars, on account of the subsistence of the army of the United Slates for the year 1814. For this sum I am to be charged and held accountable, as per advice of equal date with this,
“I am, Respectfully, sir, most obt.
“JAMES TAYLOR, D. P. Master.
“Robert Brent, Esq.
“Pert/ master U. S. Army,
'■'Washington City.”
These bills were sold by Sanders, one of the appellees, t* the Bank of Kentucky, and endorsed by him. They were dishonored and returned. A controversy then arose between Sanders and the bank, which gave rise to this suit, wbetherthese were bills on which the endorser was hound to pay ten per cent, damages, on the event of their being dishonored, according to the act of assembly then in force? On this question depends the judgment of the court below. If this be a bill of exchange,subjecting the endorser to th» per cent on its being protested, then the judgment of the court below must be reversed. On the contrary, if it is not such bill, the judgment must be affirmed. It is contend- *185 é<5, on the part of the appellee, that it is evident, from the face of this bill, that it is drawn by one aeeni of govern-„ meut on another iu tavorot a third, that it evidences a contract for government, and that the individuals Concerned Were not bound, and for this cause the bill is not within the statute. It is a general principle, that when an individual Sighs a contract, and adds a title or some addition to his name, he is nevertheless individually hound. 'J o this rule the case of an officer of government is an exception. the government can speak only by her officers, their con-P tracts, officially signed bv the officer, is considered as obligatory on government alone* buco is the principle of the cases of Hodgson vs. Dexter, 1 Cranch, 345, and Syner vs. Ayleu, 1 Call, 105, Tutt vs. Lewis, 3 Call. 233. But we apprehend these cases turn upon the intf átion of the parties contracting, and the official signature of the parties is used as evidence of that intention. On the contrary, an intention is manifest of another nature, the individual may bind himself notwithstanding. Had the drawer in this instance, by a paper not negotiable, given an ty to a subordinate agent of government to draw its funds from a third, no doubt the rule would apply, and each party to the paper must be presumed to have trusted the ernment. But when he drew the instrument in a negotiable form, and attached to it al! thé requisites of a bill or t-jj-change, as vveil as the name, it is evident that he intended to authorise the payee to negotiate it, and thereby place it iu the channels of commerce among individuals. done so, although the bill is drawn on (he funds of government, yet it is evident that the bill was to go on the individual credit of the drawer, and its negotiable character is conclusive of that intention, as well as the fact, that it was ae-tually negotiated. But it may be said that this is not a bill because it is payable out of a particular fund, to wit, “on account of the subsistence of the army.” To this it (nay be answered, that if a bill is made payable out of a partiCular fund, yet if that fund is mentioned as barely directory to the drawee, out of what funds' he is to reimburse himself, and (be fund itself is certain, and not so doubtful as to render it morally uncertain, when the bill is tobe paid, if ever, it is still a good bill within the custom of merchants, Chitty on bills, 33, 34; 2 Strange, 762; Ld. Raym, 1545. 'The mention of the fund in this instance is a mere direc-tioo to the drawee out of what fund it is to be taken, and *186 tin» appropriations fur the subsistence of the army is a fond sufficiently certain to warrant the belief of its payment. We are therefore of opinion that the bill aforesaid is a b li embraced by the act, and that the drawee and endorsers would be liable (o ten per cent, damages on its being pro* test'd.
lo indjvid-' ⅛C<Tubscri-1 bound rfonally> ma^ addition or thue to bis uphold with regard t. he ¡f0®®-*'*0^*1*
officer of go. ev. tent cm to subject him. ,nd by on ofth-ig-ovem-ment> he and
cita„^e°riust not bs made payable out pf,. if thefuñd is certain, and ,s described meanly1* which the j*™wee is to ed. thebjjji* good.
Hardin for plaintiff, Hoggin for defendant,
Ttie judgment of I be court below must therefore he re* versed, and the cause relnanded, with directions to enter judgment in the court below for the appellants in pursuant# to the ¿creed ease.

 Absent, Judje Owsley.