*376 Opinion of the Court, by
Judge Mills.
THIS is an action of assumpsit. The declaration contains two counts, reciting the consideration of the use and occupation of a house and lot in the town of Lancaster; the first, for a sum certain; the last, for a quantum valebat, and a promise of the defendant laid in the usual form.
The defendant in the court below pleaded non-assumpsit. A jury were sworn, who rendered a verdict in the following words:
“ We of the jury find for the plaintiff one hundred and eight dollars and thirty-three cents in damages, if the law be for him; if not, we find for the defendant.”
There is then an entry of time of advisement, to consider the law of the case, by the court; and at a subsequent term, judgment is entered for the defendant; to reverse which, this writ of error is prosecuted.
It is not easy to ascertain from the record, how such a verdict and judgment came to be entered. If a court is called upon to instruct the jury, it is its duty to give or refuse the instruction forthwith, during the progress of the trial, if prepared; if not, the question may be reserved, if it is one decisive of the controversy, and a verdict may be rendered subject to the opinion of the court upon the case reserved.
*377 This verdict is not a special one; for it finds no facts in detail. If it is to be considered as such, it ought to have been set aside, and a new trial awarded; because it is wholly insufficient to enable the court to render judgment thereon. M'Clean vs. Cooper, &c. 3 Call 367.
It does not appear that any consent of parties was given, that the judgment should be rendered on the court’s deciding a legal question. We must, therefore, suppose that it was a point reserved by the court, on which they were not prepared to deliver an opinion during the progress of the trial. If this was a point which might or might not be decisive of the controversy, according as a jury might find the facts, either this way or that, the result of the opinion of the court, if in favor of the party against whom the verdict was rendered, would have been a new trial. But we cannot suppose this a point of that nature; and it must have been one decisive of the contest, and founded upon an incontrovertible state of facts, which superseded the necessity of any further proceedings, if the opinion of the court was against the verdict. Such we are bound to presume the fact to be.
The question then arises, can such reserved cases be made, and judgment entered accordingly, without the reservation being made at length on the record; or, may they be made and kept in the recollection of the court, and judgment rendered against the verdict, without the record giving any account of it? On the solution of this question the present judgment depends. It is a sound rule, that the record ought to show enough to support the judgment of the court, and that the judgment is barely the legal inference from the history of facts stated in the preceding record. Thus, in a demurrer, one party alleges facts, which, by the demurrer, if the facts are well pleaded, the other admits to be true, and the judgment gives the response of the law. The same may be said of a demurrer to evidence, an agreed case, or a special verdict. By these the facts are ascertained, and the law, in the judgment, settles the fate of the parties, resting on these facts. So, if there had been a general finding in the present case for the plaintiff, the declaration states a number of facts; the defendant, by his plea, denies them, and the verdict finds the facts of the declaration to be true, and then the judgment for the plaintiff necessarily results as the in *378 ference of law. This, in every case known to the court, ought to be the situation of the record; and such was the decision of the appellate court of Virginia, in the case of Syme vs. Aylett's executor, 1 Call 105, when a reserved point of law, on a stated case, existed. We see no good reason for making this case an exception. Many evil consequences might follow the omission of the entry on record; but none could result from making the entry. To indulge a reserved point of this kind in memory only, might frequently leave the rights of the parties to much hazard, and in danger of being forgotten, or incorrectly remembered; so that judgment, at last, might be rendered wrongfully, even with the best intentions existing on the part of the court. We, therefore, conceive the point reserved in this instance ought to have been stated on the record, and without it the verdict and judgment cannot be supported.
The judgment, therefore, is reversed, and the verdict set aside with costs; and the cause is remanded, for new proceedings consistent with this opinion.