Where an agent wishes to be excused from obligations or covenants into which he enters, he should affix the name of his principal to the deed. (Wilkes v. Back., 2 East, 142.) When he does not do so, *Page 155 
but only signs his own name as agent, he is personally answerable. For in such case he undertakes for his principal. (Appleton v. Binks, 5 East, 148.) He undertakes as agent, or as surety for his principal, that if the latter will not perform the contract he will answer for him in the manner stipulated.
The case of Potts v. Lazarus, 4 N.C. 180, seems to have been decided in part upon the ground that public and private agents were subjected to the same liability. Of late, however, their obligations are considered to be very different, the first standing upon the principles of policy, the latter left to meet the contract as the law of the case shall decide.
In the present case, it is true, the defendants could not have (180) signed their principal's name, but as other agents they could and did sign as agents or as executors, in which case the rule is equally strong that they shall be bound as agents to the fulfillment of any contract into which they enter. If this should not be considered to be the case, such contracts or covenants would be mere nullities. For the covenantees could have no remedy upon the covenants against the testator.
This subject is so fully and satisfactorily examined in Sumner v.Williams (8 Mass. Rep., 162) that the best service I can render the subject will be to refer to it.
It was also insisted for the defendant, Haddock, that he was protected from the recovery sought by the plaintiff by the lapse of seven years after the death of his testator, before suit brought against him by the plaintiff, although the fact is that the cause of action had not accrued until within seven years next before the action was brought. The Act of 1715 (Rev., ch. 10, sec. 7) the protection of which is claimed in this case, is in the following words: "That creditors of any person deceased shall make their claim within seven years after the death of such debtor, otherwise such creditor shall be forever barred." To give operation to the act, there must not only be a creditor, but there must be a claim. What is a claim? It is defined to be a challenge by a man of the property or ownership of a thing, which he has not in possession, but which is wrongfully detained from him. (Plow., 359.) It is either verbal or it is by an action brought. It relates to lands or goods and chattels. (Shep. Ab. Claim, Jacob's Law Dict. Claim.) Johnson defines a claim to be "a demand of anything due; a title to any privilege or possession in the hands of another; a demand of anything that is in the possession of another." When the Legislature say that creditors shall make their claim within seven years after the death of the testator, they must have had in contemplation such a creditor as had a claim to make — such a claim as might be enforcedin praesenti. They did not mean a claim that might arise in futuro, which could not be enforced *Page 156 
until it did arise or accrue. By an equitable (181) construction of the act, he must make his claim within seven years after it accrues. To require him to make it before would be to require of him an impossibility.
The statutes of limitation generally begin to run after the cause of action has accrued. Chief Justice Abbott says in Murray v. The E. I. Co. (7 Eng. C. L., 66), that "it cannot be said that a cause of action exists unless there be also a person in existence capable of suing." Would not his Lordship have been equally orthodox if he had also said, although there is a creditor in existence, yet if there is no claim or cause of action, the statute of limitation will not run. The Chief Justice further observed in that case that the several statutes of limitation, being all in parimateria, ought to receive a uniform construction, notwithstanding any slight variations in phraseology, the object and intention being the same.
So in the case of Jones v. Brodie (3 Murph., 594), it was held in regard to the statute of limitation, now under consideration, that if there was no creditor who could sue at the death of the debtor, the statute did not begin to run. So I think, although there is a creditor, but no claim that can be enforced, the statute will not run until there is such a claim. From the account which is given of McLellan v. Hill (Conf. Rep., 479), in Jones v. Brodie, I think it was rightly decided. But in the printed report of it no notice is taken of the fact that the debtor died before the creditor. Nor does the judgment of the court seem to be based upon that circumstance. And so far as the reasoning in that case is adverse to the opinion delivered in Jones v. Brodie, I do not subscribe to it. One reason given for the opinion of the Court in that case was, that executors and administrators after seven years were obliged to pay over whatever assets remained in their hands to the church wardens, or to the Treasurer of the State, for the benefit of creditors. My answer is, that it ought to appear that it was paid over. If it was not, it was answerable to creditors. If it was paid over, it should not have prevented creditors from obtaining judgments; but it might have been a good reason for not fixing the executor with assets.
(182) Certainly much consideration is due to the sanctity of contracts, provided they are within the pale of the law. A man may legally contract that he and his executors will indemnify a purchaser in case ofeviction, which may not happen until many years after his death. He may contract that a thing may be done after his death. He may give a bond payable in ten years, and die the next day.
The legislatures of the states are enjoined from passing any law impairing the obligation of contracts; and the alarm was taken in this State when the Legislature passed a law postponing the time for the *Page 157 
fulfillment of a contract. Jones v. Crittenden, 1 Law Rep., 385. How cautious, then, should courts be in giving judgment upon the construction of an act of Assembly, which will cut them off from fulfillment altogether? I see nothing in policy which should lead to such a result. For if after seven years the executors or administrators have paid over the assets to the University, which is now authorized to receive them, instead of the church wardens and Treasurer of the State, they are not to be charged with assets. But the creditor is entitled to a judgment which will be his passport to a remedy against the trustees of the University.
The statutes of limitation generally give a specified time to sue in. Creditors may avail themselves of it; if they do not, they are barred. In the present case no time is given to sue in; and the contract becomes a mere nullity. The obligation of it is totally impaired.