Mr. Justice Clayton
delivered the opinion of the court.
This is an action of assumpsit, containing two counts. The first is on the following instrument: “ Mr. James Wade wishes to anticipate the amount of his salary from the 1st of November, 1844, to 1st November, 1845. Mr. Wade has discharged his duty faithfully as clerk in my office. I shall continue Mr. Wade in the office until my time expires, which is, as above stated, until 1st November, 1845, and will issue his pay monthly, as the law allows, and will pay over to the holder of this obligation at the rate of $800 per annum, which will be $66.66§ per month, in treasury warrants. Jackson, November 7, 1844. James E. Matthews, Auditor of Public Accounts.” The other count was upon the same instrument as a letter of credit. They both endeavor to fix an individual responsibility upon the defendant. There was a demurrer to the declaration, which was sustained in the court below.
The acts of public officers or agents in regard to the creation of a personal liability, stand on a very different footing from those of private agents. In the ordinary course of things, an agent contracting in behalf of the government, or of the public, is not to be presumed to have bound himself personally, nor is it to be presumed that the party dealing with him in his public character, means to rely on his individual responsibility. Mac *402 beath v. Haldimand, 1 T. R. 172 ; Hodgson v. Dexter, 1 Cranch, 345 ; Story on Agency, 306. This is the general rule, but the presumption may be rebutted by proof or circumstances, which clearly establish an intention between the parties to the contract to create and rely upon a personal responsibility on the part of the public agent. Such officer mays waive his personal exemption and immunity, and become responsible, if such be the mutual intention and agreement. Story on Agency, 310. But to create such personal liability, the proof ought to be clear and full. Ib.
In the present case, there is nothing to show an intention upon the part of the defendant to charge himself personally. The duties to be performed by Wade were for the public, the payment to be made was in “ treasury warrants,” which the defendant had no right to issue, except in his official capacity. The whole instrument contemplates an official, not a personal responsibility. The state was bound to pay the salary of the clerk. This instrument was intended to enable him to anticipate his salary. If he failed to perform the services, there was no obligation to pay upon the part of the state. The assignee necessarily took this risk upon himself. The declaration nowhere avers the performance of the services. In the absence of such averment it shows no right of recovery.
Whether the defendant would be liable, in any other form of action, or any other state of case, we cannot now undertake to decide.
The judgment is affirmed.