Nash, J.
 

 The action is in debt, and the plaintiff claims the money to be paid for building the Court House. Two objections are urged against his right of recovery ; one that the defendants are not personally liable, and the other that the plaintiff did not perform his contract by building the house within the time, and according to the terms specified. Both objections are fatal.
 

 The plaintiff sues upon the sealed instrument, and in his declaration must set forth the terms of it, or its legal effect, and in general practice it is usual to set forth the words of the contract. 1st
 
 Ch. on PL 299, 302.
 
 In the contract in this case, the plaintiff was bound to finish the Court Plouse by the 1st of January, 1844, at which time also, the money was to be paid, if the work was done. The defendants agree that upon the execution of said contract, fully and according to the terms thereof, the specifications, &c., by the first of January 1844 then and in that case to pay &c. It is admited that the Court House was not erected, according to the specification,
 
 *423
 
 nor within the time prsecribed. There was then a fatal variance, between the allegation and the proof. The latter did not support the former. The plaintiff' however Says that the variations were all made by the directions of the defendant and that the house was not finished within the time, because the defendants did not furnish the ground until the 27th of April 1843, and that the Court House was received and used by the court There is no doubt, that the plaintiff is entitled to receive the value of his work, and labor done, and materials found by him, but not in this action, which is brought on the covenant to pay. He cannot declare on one contract and recover on a different one. The defendants expressly agree that the money shall be paid upon the execution of the work, at the time specified, and according to the specifications. The covenant to pay the money is de-pendant upon the execution of the work according to the agreement. The plaintiff then cannot recover in this action without an averment of performance.
 
 Clayton
 
 v.
 
 Blake, 4th
 
 Ire. 497
 
 Glassbrook
 
 v. Woodrow, 8th Term R. 360. The other objection is equally fatal to the plaintiff’s recovery. The defendants in entering into this contract were acting as public agents, agents or commissioners of the county of Mecklenburg. They are therefore not personally bound, not because public agents cannot make themselves, by their contracts for their principals, personally responsible, but because in this instance, they have not. The doctrine on this subject was very elaborately and ably argued before the Supreme Court of the United States, in the case of
 
 Hodgson
 
 v.
 
 Dexter,
 
 1 Cranch 345. The defendant was. at the time of making the contract, upon which the action was brought, Secretary of war, and, as such, leased from the plaintiff certain buildings in the City of Washington, for the use of the public' and covenanted, for him and his successors “to keep in good and sufficient repair,” &c. This covenant was signed and sealed “Samuel Dexter,” without any addition
 
 *424
 
 whatever. The premises were burnt down during the lease, and the action was to recover damages, under the covenant to repair. Chief Justice Marshal], in delivering the opinion of the court says, ‘‘ .It is too clear to bo controverted, that when a public
 
 agent
 
 acts in the line of his duty, and by legal authority, his contracts made on account of the government, are public and not personal,” and the reasons given for the judgement in that case apply with entire propriety to this. The plaintiff’s counsel, there as here, admitted the general doctrine, but denied its application to that case, alleging that the defendant had made himself personally liable. In answering that argument, the court admitted the terms of the instrument. In this case, as in that, it is admitted the building was for the use of the public and that the defendants had a right to make it, and in every part of the deed they show, for whose use, and under whose authority they were acting. In the binding part of the covenant the language is certainly explicit “and the said Stephen Fox &c acting for and in behalf of the county of Mecklenburg, &c.” In a subsequent part they say, it is further understood and agreed that the commissioners &c. Whenever then in the course of the instrument, they are obliged to mention their own names, they state themselves to be commissioners, and acting for the county of Mecklenburg, and where they execute it, they execute it as commissioners. There is no allegation nor is there any reason to believe, that the plaintiff preferred the private responsibility of the defendants, to that of the county. It is farther alleged by the plaintiff’s counsel, why the case of Dexter deos not apply to this, that it was the case of a known agent of the government, and the defendants here were the agents, not of the government, but of the county. This objection is answered in the case
 
 Hite and Goodman,
 
 1 Dev. and Bat. Eq. 364. In that case the defendant, with other magistrates of Gates county, had offered in behalf of the
 
 *425
 
 county, a large reward for the apprehension of certain runaway slaves. The plaintiffs had captured some of the slaves and sued in Equity in consequence of the obstacle to a recovery at law, stated in the bill. His Honor Judge Gaston, in giving the opinion of the court, recognizes no distinction between an agent for the government, and any other public agents, but considering the defendants as public agents extends to them the protection of law, as such. He says “ we consider it settled law that an action will not lie against a public agent for any contract entered into by him in his public character, unless he undertake, explicitly, to be personally responsible.” Among the cases cited by him is that of Dexter- We consider this case decisive of the one before us. The defendants were the agents of the county of Mecklenburg in making the contract, so style themselves in the contract in every instance, in which they refer to their action, and so seal and deliver the covenant.
 

 We see no error in the opinion of the presiding Judge., It is therefore affirmed.
 

 Pbíi Cohiak, Judgment affirmed.