HEWITT *vs.* WHEELER AND ANOTHER.

A, B and C, having been constituted the agents of an ecclesiastical society, to make a contract for building a church, for such society, A and B signed, as "building committee," a written contract, commencing as follows : "This contract by and between K, on the first part, and A, B and C, a committee for building a Congregational church in T, on the second part, witnesseth."

In a *scire-facias*, in a process of foreign attachment against A and B, as the supposed trustees of K, it was held, that the defendants were not personally liable upon such contract, and that any indebtedness thereon, due to K, could not be attached, as a debt due from them to him.

THIS was a *scire-facias*, in a process of foreign attachment, demanding of Russell Wheeler and Dudley R. Wheeler, the amount of a judgment obtained by the plaintiff, against Joseph Kinney, before the county court for New London county, on the second Tuesday of November, 1848.

The cause came, by appeal, to the superior court, for New London county, and was tried, on the general issue, at the term of said court, holden in September, 1852.

The indebtedness which the plaintiff claimed, as due from the defendants, was upon a certain contract for building a Congregational church, in North Stonington, which, on the trial, the plaintiff introduced and read, in evidence; commencing as follows:

" This contract of two parts, made and entered into, by and between Joseph Kinney, on the first part, and Russell Wheeler, Oliver Hewitt and Dudley R. Wheeler, a committee for building a Congregational church, in the village of Milltown, in North Stonington, on the second part,—all of said North Stonington, Conn.—witnesseth,—that the said Kinney agrees to build a church or meeting-house, in said village of Milltown, to be located on land belonging to the Congregational society, in said village, near the spot where the present old house now stands." Said contract was signed by said Russell and Dudley R., as " building committee."

The plaintiff also introduced the following votes, passed at certain legal meetings of said society, *viz.*:

A vote, passed June 15th, 1846, unanimously appointing Russell Wheeler, Oliver Hewitt, and Dudley R. Wheeler, a committee, " to contract with some suitable person, or persons, to build a new house of worship, for said society, on some modern approved plan, and that they superintend the same, agreeable to the terms of the subscription for said ob-

ject." Also a vote, passed on the 25th day of January, 1848, as follows :

" That the building committee be authorized and empowered to proceed, and finish the new meeting-house, complete with stone steps, &c., agreeable to their contract with Joseph Kinney, and whatever amount may be wanting, or due to said Kinney, (after deducting the subscriptions, avails of old house, &c.,) which is supposed will not exceed three hundred and fifty dollars, shall be paid by this society, and they hereby pledge themselves for the same."

The plaintiff also introduced in evidence, three subscription papers, to the first of which said Kinney subscribed the sum of twenty-five dollars ; and the subscribers to which agreed " to pay, in two equal payments, within one year from the date, to the building committee that shall be appointed by the Congregational society of North Stonington, the sum affixed to our individual names, for the purpose of building a meeting-house, at the village of Milltown, on ground belonging to said society, or on any other place which said society may designate, on condition that the sum of three thousand dollars shall be here subscribed, (including the subscription of General Williams, and others, for the same object.)"

The defendants claimed, that said documents showed, that the defendants, in entering into said contract with said Kinney, acted only as the committee and agents of said society, and did not bind themselves personally, nor render themselves liable to the said Kinney, or the plaintiff, as the debtors of said Kinney, and prayed the court so to instruct the jury.

But the court did not so instruct them, but informed them, that the defendants, by said contract, had rendered themselves personally liable upon the same, to the said Kinney, and that any debt due thereon to him might be attached, as the debt of the defendants.

The jury having returned a verdict in favor of the plaintiff, the defendants moved for a new trial.

*Pomroy* and *McCurdy*, for the motion, after remarking that the question is wholly one relating to the construction of the language of the contract and of the intention of the parties, contended, 1. That there is no language in the contract, substituting the responsibility of the defendants, for that of the society, or expressive of such intent.

The defendants commence, by styling themselves " A committee for building a Congregational church," &c., and continue to designate themselves as such committee, and add to their signatures, " building committee ;" are never named or alluded to, in the contract, but as building committee.

2. That the rule of law, that an agent binds himself, and not his principal, unless he use the name of the principal, applies only to *sealed* instruments. In contracts not under seal, if the agent intend to bind his principal, and not himself, it will be sufficient, if it appear in such contract, that he acts as agent ; and a ratification of an act done by one assuming to be agent, relates back, and is equivalent to a prior authority. *Despatch Line of Packets* v. *Bellamy Manf. Co.,* 12 N. H. R., 205. *Andrews et al.* v. *Estes et al.* 2 Fair. R., 267. *Emerson* v. *Coggswell,* 4 Shep. R., 77. An agent, who makes a promise, and does not conceal his agency, nor exceed his authority, is not liable, in an action upon such promise. 17 Ver. R., 244. *Hall* v. *Huntoon. Abbot* v. *Cobb,* 17 *id.* R., 593. If a contract be not under seal, the authority of one person to contract for another, may be proved, by their subsequent acts. *Emerson* v. *Coggswell,* 4 Shep. R., 77.

*Foster* and *Wait,* contra, 1. That no person, in making a contract, is considered to be the agent for another, unless he stipulates for his principal, by name, stating his agency, in the instrument which he signs. 1 Sw. Dig., 327. Story on

Agency, pp. 266, 267. *Magill.*v. *Hinsdale,* 6 Conn. R., 464. *Tippetts* v. *Walker et al.,* 4 Mass. R., 595. *Stackpole* v. *Arnold,* 11 Mass. R., 26. *Alfridson* v. *Ladd,* 12 Mass. R., 177. *Hastings* v. *Lovering,* 2 Pick., 214. *Simonds* v. *Heard,* 23 Pick., 120. *White* v. *Cuyler,* 6 T. R., 176. *Johnson* v. *Smith et al.,* 21 Conn. R., 627. Kent's Com., vol. 2, pp. 630, 631. Therefore, the defendants not showing, in the contract itself, that they contracted with Kinney, as the agent of a society, nor disclosing the names of any principal, bound themselves personally, and rendered themselves liable to him, and to said plaintiff, as the creditor of Kinney. The addition, "committee," &c., to their signatures, is merely *descriptio personarum.* The personal liability of the defendants does not depend upon the question, whether they were in fact agents, nor whether that fact was known to the party with whom the contract was made, but upon the terms of the written instrument. *Simonds* v. *Heard,* 23 Pick., 125. *Windsor et al.* v. *Griggs,* 5 Cush. R., 210.

2. That the votes of the society show clearly, that it is the individual contract of the Wheelers, and that they are personally liable thereon. If the defendants were the agents of the society originally,—yet, as their powers were limited, and they, in making this contract, exceeded that limit, they rendered themselves personally liable. 1 Sw. Dig., 327. *Thompson* v. *Stewart,* 3 Conn. R., 171. *Feeder* v. *Heath,* 11 Wendell, 477. *Bank of Hamburg* v. *Wray,* 4 Strobh., 87. U. S. Annual Digest, 1851, p. 380, sec. 26. Although a subsequent ratification might be binding on the society, yet Kinney has still a right to look to the defendants, and his creditors occupy the same ground.

ELLSWORTH, J. The main question in this case is, whether the defendants were debtors of Joseph Kinney, by virtue of the contract, entered into for the building of " a Congrega-

tional church, in the village of Milltown, in North Stonington."

It is not necessary, in deciding this case, to go through the numerous cases which have been cited at the bar, to show, where agents really or professedly contracting in behalf of others, do not bind their principals, but themselves ; or what should be the form of the agent's signature, to save himself from responsibility. The books are full of cases upon this refined subject, and are burdened, and overburdened, with elaborate learning, not unfrequently more nice than wise. They show such embarrassing conflict of judicial opinion, that one, in search of the law, is well nigh tempted to discard the whole that is written, and follow the dictates of his own understanding. The notions too, which prevail in one state or country, and in some cases, in courts of the same country, seem not to be consistent or uniform with themselves. We find one rule applied, in cases of deeds, and another in cases of simple contracts ; one in case of public, another in case of private agents ; and yet they all profess to take the intention of the parties, as the only proper and just rule of construction. Beginning with the case of *Hodgson* v. *Dexter*, 1 Cranch, 345, and following along, through all the cases in the states, down to the present time, we can not fail to be struck with their great want of perspicuity and uniformity. And we have sometimes thought, that men of ordinary observation, would not have hesitated, a moment, in discovering the meaning of the parties, where courts, by reason of certain technical rules, have been perplexed and embarrassed beyond measure. We believe, that our own courts are, to a great extent, disentangled from this confusion and contradiction ; and that here, judges are allowed to see and to think as other men see and think.

It ought always to be a rule of construction, that, whether an agent contracts under seal or without one ; by writing or by parol ; and whether his principal is the state, or other corporation, or an individual ; that the intention of the parties,

gathered from all the legitimate evidence which belongs to
the case, shall be held to be the sure and only criterion of
the character and effect of the agent's act.    This is the rule,
if I mistake not, of the courts of Connecticut, in those cases
where the agent is really clothed with power to act.    Un-
doubtedly, more latitude may be allowed, in cases of parol
testimony, than in cases of written instruments, or instru-
ments under seal; and so an act properly done by a public
officer, may furnish higher presumptive evidence that he act-
ed in a public capacity; but the *intention*, when ascertained,
is the true and only rule in these, as in other contracts, writ-
ten or unwritten.    We want only to know what the parties,
by the language used, intended to declare.    The rule of our
courts is to be inferred from *McGill* v. *Hinsdale*, 6 Conn.
R., 464; *Stamford Bank* v. *Ferris*, 17 Conn. R., 270;
*Perry* v. *Hide*, 10 Conn. R., 330; *Johnson* v. *Smith*, 21
Conn. R., 633; *Shelton* v. *Darling*, 2 Conn. R., 435, and
*Hovey* v. *Magill*, 680.

Now, taking the intention of the parties, as our guide, we
are fully satisfied that Mr. Kinney was not building this
meeting-house, for the defendants, or on *their credit*, and we
feel confident, that, had it so happened, in the course of
events, that the defendants had failed, leaving this debt un-
paid, or that no creditor of Mr. Kinney had laid his attach-
ment on this debt, we should not have heard of any such
claim as is now made by the plaintiff.

The contract begins, "This contract," &c., "by and be-
tween Joseph Kinney, on the first part, and Russell Whee-
ler and Dudley R. Wheeler, a committee for building," &c.
What means this expression, "committee," but to show the
character in which the defendants were going on to con-
tract?    So, for "building a Congregational church in the
village of Milltown, in North Stonington."    Was it for the
defendants?    No, for the Congregational society.    So, again,
it is to be built "near the spot where the present house now
stands."    Then to conclude, the contract is signed by the

defendants, as building committee. Now, can anything be more expressive and satisfactory than this, as to the character in which these defendants were acting?

One of the plaintiff's counsel, in the argument, admitted, that, if the Congregational society had been named in the writing, the defendants would not be held liable as principals. We think they are, or what is equivalent, by the language just quoted. Mr. Kinney very well knew, that this Congregational society were the principals, who entered into this contract, by their committee, formally appointed. Again, this society passed numerous votes and resolutions, on the subject of a contract, and they appointed these defendants, their agents, to make a contract for building this house, and have, in repeated instances, directly and indirectly, ratified the contract itself. Now, from first to last, the agency of the defendants has been known and recognized, by all concerned in the business, and we are convinced the defendants could not have had the least idea of being personally responsible for this house of public worship. The nature of the case, too, shows how this was understood. Mr. Kinney was one of the signers to the subscription paper, and, from that circumstance, well knew he contracted with the defendants, as a committee of the society.

Since, then, we are satisfied, the parties intended and supposed the contract was made with the society only, and the committee were in fact duly authorized to contract, we are constrained to hold, the defendants must be treated as agents only.

There is no force in the objection, that only two of three of the committee signed the contract. We are not certain but the power is of such a public nature, that a majority only can bind the society. We think the court so held, in the case of *Johnson* v. *Smith*, already referred to; but, at all events, if there is a difficulty here, the two who acted professed to act, as the committee, and the society have again and again ratified and confirmed the particular contract; so that Mr.

Kinney obtained all the security he originally expected ; and, if the society do not complain, he certainly can not. The same may be said, as to the security which the committee were to exact from the builder. The difficulty, if it ever had any force, which we do not admit, has been waived, by those who alone had any interest to urge it.

We therefore advise a new trial.

In this opinion, the other judges concurred, except WAITE, J., who tried the cause in the court below, and was disqualified.

New trial to be granted.