### RICHARD TAYLOR *vs.* CHARLES T. SHELTON.

A promissory note of the following tenor—" I promise to pay," &c., signed "*A B*, by her trustee *C D*," does not on its face purport to be the note of the trustee, or bind him personally. The form used indicates that the parties intended that he should not be bound.

It appeared that *A B* was a married woman owning real estate, that *C D* was her husband and trustee, that he had authority to make purchases in her name, and that the note was given by him for goods bought in her name and for her use and expressly upon her credit. Held, that these facts did not tend to render the trustee personally liable on the note, but on the contrary to exclude all claim upon him.

A married woman can not bind herself personally by a contract made during coverture, but she may bind her property in the hands of her trustee. But even if her property would not be bound, and she be therefore wholly irresponsible, yet if a party gives the credit in point of fact to her, and not to the husband or other agent authorized to act for her, he can not hold the latter liable.

Taylor *v.* Shelton.

A husband can not be held liable for goods sold and delivered to the wife for her use and exclusively upon her credit, although the husband assents to the transaction.

If a person makes a contract in the name of another without authority, he may be held liable *upon the contract,* if there be apt words to charge him. If however there are not, he may be sued for the *deceit,* in an action on the case.

ASSUMPSIT, brought upon a promissory note by the payee, with indebitatus counts for goods sold and upon an account stated. The note was in the following form:—

" $676\frac{74}{100}$. Sixty days after date, value received, I promise to pay, at the Metropolitan Bank in New York, to the order of Richard Taylor, six hundred and seventy-six and 74-100 dollars. East Windsor, Ct., July 21, 1857.

CATHERINE A. SHELTON,

By her trustee C. T. SHELTON."

The declaration described the note as that of the defendant himself. The case was tried in the superior court on the general issue, closed to the court, before *Mc Curdy, J.*

At the trial it was admitted that Catharine A. Shelton was a married woman, the wife of the defendant, that she owned real estate, and that the defendant was her trustee. It appeared that the consideration of the note was a cargo of coal, sold by the plaintiff and purchased by the defendant for the use of his wife, and that the sale and purchase were made in express terms in her name and upon her credit.

It was admitted that the defendant had authority as trustee to purchase in that manner, and it appeared that he so informed the plaintiff, and exhibited to him a schedule of her property. It appeared that a previous note had been given for this coal, by the defendant, similar in all respects to the one now in suit, except that it was signed " Charles T. Shelton, Trustee," the name of his wife not appearing at all. That note had been taken up at its maturity by the defendant, by giving the present note in renewal of it.

The plaintiff claimed to recover upon the note declared on, as being upon its face the note and promise of the defendant personally ; also, that if it was not his note, then it was a mere nullity, and he could recover upon the indebitatus count, as

for goods sold and delivered. The original note was not produced or relied upon.

The court rendered judgment for the defendant, and the plaintiff moved for a new trial.

*H. C. Robinson* and *Hamersley,* for the plaintiff.

1. The original note contained a personal promise by the defendant, and is evidence of an account stated. The term " trustee " does not imply agency. A trustee is in no sense an agent. Lewin on Trusts, 235. Even if the word " agent " had been used, the promise would have been that of the defendant personally. Story on Agency, § 280; *Hills* v. *Bannister,* 8 Cow., 31; *Forster* v. *Fuller,* 6 Mass., 58; *Price* v. *Taylor,* 5 Hurlst. & N., 540. An agent may bind himself personally ; the fact that the purchase was on behalf, and on the credit of the wife, is immaterial. Story on Agency, § 269; Story on Bills, § 76; Petgrave on Prin. & Agent, § 152; *Nichols* v. *Diamond,* 24 Eng. L. & Eq., 403. The credit may be given to both principal and agent. Story on Agency, §§ 291, 292. Even if the credit were in fact given exclusively to the wife, yet the form of the note would in law bind the defendant. id., § 288.

2. The wife was an irresponsible party. The agent must be held to have intended to bind himself. Story on Agency, § 281; Petgrave on Prin. & Agent, § 147. Again, the coal when bought vested in him, and he is liable as for goods sold. Again, as trustee he could not bind his *cestui que trust* or her property. Story on Agency, § 280; *Liverpool Bank* v. *Walker,* 4 DeG. & Jones, 24, 29. Even if the real estate of the wife was held to her separate use (which does not appear) it could not be made liable even in equity. *Hulme* v. *Tenant,* 1 Bro. Cha., 20, 21; Lewin on Trusts, 641; 2 Story Eq. Jur., § 1392; *Yale* v. *Dederer,* 18 New York, 265, 269; *Willard* v. *Eastham,* 23 Am. Law Reporter, 684.

3. The renewal note (the one declared on) is the defendant's own note. A technical rule of construction can not be applied. Story Prom. Notes, § 71; Story on Agency, § 155.

A note of a lunatic signed with his name *by his conservator* would bind only the latter. Such instruments are to be so construed *ut res magis valeat quam pereat.* *Offutt* v. *Ayres*, 7 Monr., 356 ; *Mott* v. *Hicks*, 1 Cow., 536 ; *White* v. *Skinner*, 13 Johns., 307 ; *Dusenberry* v. *Ellis*, 3 Johns. Cas., 70 ; *Thatcher* v. *Dinsmore*, 5 Mass., 299.

*C. Chapman* and *Towle*, for the defendant.

1. The note declared on excludes on its face all pretence that the defendant intended to bind himself, or that the plaintiff gave credit to him. He can not therefore be sued *upon the note*, even though he had no authority to give it, or has no responsible principal. Nor is the note admissible in evidence under the common counts. It is not in any sense the defendant's note. The word "trustee," appended to the signature, is mere surplusage, or *descriptio personæ*. The defendant intended to give another person's note. It is immaterial whether in doing so he acts in one official capacity or in another, or merely as an individual. Appending his own name is merely signifying that he performed the *manual operation* of signing the principal's name.

2. The original note can not be considered. That note, so far as appears, was paid by the new one. At all events, it was not offered in evidence, or even produced at the trial. If offered it would not have sustained the special counts, being variant, nor the common counts, for reasons hereafter shown.

3. The original note would not be admissible in evidence under the common counts, for it was not the defendant's note, and is not evidence of any promise made or value received by him. A note signed, for instance, *A. B. agent*, does not bind the agent personally, nor is it to be held as his note, *provided he have authority. Johnson* v. *Smith*, 21 Conn., 633 ; *Ogden* v. *Raymond*, 22 id., 384 ; *Hewitt* v. *Wheeler*, 22 id., 562 ; *Jeft* v. *York*, 4 Cush., 371. Here the defendant had authority, both to make the purchase on the credit of his wife, and to deliver the note. Authority to do the former would indeed include the latter. *Frost* v. *Wood*, 2 Conn.,

23. But even if he had no such authority he could not, we submit, be sued upon the note. It is held in many cases, and is intimated in the Connecticut cases above cited, that he could, there being apt words to charge him. But to do so would be illogical, and contrary to that fundamental rule of evidence which forbids a written instrument from being varied by extraneous evidence. The rule lately adopted in England is the proper one, to hold the party liable, according to the circumstances, in an action for deceit, or as upon a warranty. *Lewis* v. *Nicholson*, 12 Eng. Law & Eq., 436. *Collen* v. *Wright*, 7 Ellis & Black., 301. The use of the word *trustee*, (on the original note,) instead of *agent*, does not vary the case. That word was used for a purpose, and indicates an intention not to bind himself, precisely as the word *agent* would do. The word *administrator*, used in such a connection, would have a different effect, for that word, *ex vi termini*, negatives the existence of a personality able to bestow authority. But the word *trustee* presupposes a personality.

4. The fact that the principal is a married woman does not alter the case. If the agent has authority he is exempt, even by the rule intimated in the Connecticut cases. The authority required is simply to make a note as binding as if the principal had signed it herself; not necessarily a note that would bind her. A party may give credit to a married woman. He may trust to his remedy in equity against her separate estate, which would be bound; 2 Story Eq. Jur., § 1401; *Donalds* v. *Plumb*, 8 Conn., 446, 455; *Leavitt* v. *Beirne*, 21 Conn., 1, 8; or he may trust to her honor. The plaintiff in this case did trust the wife. He can not now set up a different bargain, no matter how irresponsible she may turn out to be. Story on Agency, sec. 287; Smith's Merc. Law, 120; *Shelton* v. *Pendleton*, 18 Conn., 418, 422.

ELLSWORTH, J. Upon the trial of this case the plaintiff, having introduced the note declared upon in evidence, claimed that the note upon its face appeared to be the note of the defendant, and was therefore correctly described as such in the declaration; but, if this was not so, that it was shown to be

Taylor *v.* Shelton.

his by the facts agreed upon by the parties—to wit, that Mrs. Shelton was a married woman, having an abundant estate of her own, and actually made the purchase in question by her authorized trustee, on her credit and for her benefit.

Now it is not easy to see how the claim in either aspect can be maintained, upon the admitted principles of the law. Certainly the note on its face is directly opposed to such a claim. The defendant does not promise by the note, nor was it understood or expected that he would. Besides, the authority of the defendant to act for Mrs. Shelton being admitted, and if not admitted it would be only a question of fact, there is no possible room for the claim that Mrs. Shelton did not intend to bind her separate estate in the hands of her trustee. It is however further found that Mrs. Shelton had ample separate estate, and was able to make the purchase for herself, and that the defendant in fact acted for her as well as under proper authority in making the purchase. These facts only more clearly show the absurdity of the claim that the defendant is the promisor in the note.

But it is said that Mrs. Shelton was a *feme covert*, and could not bind herself by a personal contract. Nevertheless she could bind her property in the hands of her trustee, as this court has repeatedly decided, and such is the law of this country generally, as well as of England. *Imlay* v. *Huntington*, 20 Conn., 146. *Leavitt* v. *Beirne*, 21 Conn., 1. *Jones* v. *Ætna Ins. Co.*, 14 Conn., 501. *Yale* v. *Dederer*, 22 N. York, 450. But were this otherwise, and she could not conclusively bind her estate, or herself personally, this circumstance would by no means make this note the note of the defendant. For aught we know, and we may well presume the fact was so, the plaintiff preferred to make sale of his coal upon her promise, and her credit, and upon just such a note as he received. Her trustee never undertook to give his own note, and there is nothing before us to show that, if he had expressed such a wish, the plaintiff would have yielded to it, or parted with the property upon his credit. We must allow the parties freedom to make their own bargains, and require them

to seek for payment from those only to whom credit was in fact given.

The idea of the plaintiff's counsel seemed to be, that a *feme covert* could not make a contract of any validity whatever; and that consequently, if any person proposed to act for her, however openly and honestly, as a contracting party, he only bound himself, and the other party might look to the agent as the principal and require him to fulfill the agreement. This is not a correct view of the law.

Besides, it does not follow that if the plaintiff is unable to get his money from Mrs. Shelton, he can come upon the defendant in the form he has attempted, nor perhaps in any form upon the facts shown on this record. We can imagine a state of facts where the agent might be sued for damages as for fraud or misrepresentation in acting for another and representing him as his principal when he had no such right or authority, and we think he may in such a case be sued as principal if he has made use of apt words to that effect in the contract. This question, as to the form of relief in such a case, was much discussed by the court in the case of *Ogden* v. *Raymond*, 22 Conn., 384. See also *Hewitt* v. *Wheeler*, 22 Conn., 562; Story on Agency, §§ 151, 155, 261, 287; and Story on Prom. Notes, § 65.

A claim has been made on the common counts. We see no ground for this claim; indeed it has not been seriously pressed. The coal was not sold to the defendant, nor on his credit, and without this there is nothing for the common counts to rest upon.

We do not advise a new trial.

In this opinion the other judges concurred.