ROANE, Judge.
The first question- which occurs in the present case is, whether a special verdict can be found in a writ of right ?
This action is by the English Law committed to a grand assise; which is an extraordinary kind of jury, composed of sixteen, selected with particular care, and established by H.
2, in lieu of the trial by battle. They are sworn to try the mere right upon the mise being joined; which, according to Sir Edward Coke, 1 Inst. 294, (6,) is a term appropriated to a writ of right, and answers to what in other actions is called an issue. But, the mise is not technically denominated an issue; for, in the same passage, it is held that if in a writ of right a collateral point is to be tried, it is then called an issue.
It is also held in Finch's Law, 412, that no attaint iyeth for him that loseth in a writ of right, because it passeth by the grand assise, which is more than twelve; and,. *376 in 3 Bac. [Abr. 780,] Gwil. ed.] the same doctrine is held, where the assise is taken on the mere right,
From these several circumstances; namely, 1st. from the jury béing an extraordinary jury, substituted in room of a trial by battle; 2d. from its being charged to try the mere right, between the parties; and, 3d. from their not being liable to an attaint when trying the mise, (which liability, to the pains of an attaint is in the case, assigned as a reason for permitting juries to find a special verdict;) from these grounds, I say, or some of them, it has been held in England, as appears from the case in Moore, [Andrews v. Lord Cromwell,] decided on argument in the C. B. in the 1 Jac. 1, and recognised by other authorities, that a special verdict cannot be found on the trial of the mise in a writ of right.
In opposition to this position, great stress has been laid upon the decision in Bowman’s Case, 9 Co. 12, “ that on all issues joined, a special verdict may be found.” But, the following answers may be given to that decision as applying to this case.
1st. A mise is not, legally speaking, an issue, as appears from Co. Lilt. 294, (b,) above stated. 2d. In the same case it is held, that on a collateral issue joined in an assise, a special verdict may be found; which seems to exclude one where the mise is joined: and 3d. The objection in Bowman’s Gs.se was, that a special verdict could only be found on the general issue; but, not on a special issue, on a collateral point; and this decision, having reference to the objection, is, that on all issues, a special verdict may be found; 4th. The ease in Moore was decided a few years after the Case of Bowman; and, as it does not purport to over-rule it, it ought to be considered, as consistent with it.
A case was also mentioned from 1 H. Black. 1, of a special finding in a writ of right, which is supposed to be equivalent to a special verdict; but, if that case is more accurately examined, it will be found that it was an issue taken on a traverse to a collateral point.
Thus it appears that the law of England is, that on the mise being joined in a writ of right, a special verdict cannot be found; but, that where an issue is joined on a collateral point, a special verdict may be found.
Our act of Assembly in 1748, [c. 1, 5 St at. Larg. 416,] enacts that, on a plea in abatement being over-ruled, the defendant shall put himself upon the grand assise; and, *377 the mise shall be joined upon the mere right, and tried by sixteen jurors. The act, appealing to conform to the English mode of proceeding on the subject, is supposed not to have altered the practice of the English Law, relative to the point now in question.
We come next to the act of 1786, [c. 59, 12 Stat. Larg. 345,] which purporting to reform the mode of proceeding-in writs of right, has dropped the idea of a grand assise, and refers the decision to twelve men qualified as jurors are in other cases. This diminution of the jury probably, would not alone justify us in supporting a special verdict. For, in [Penryn’s Case,] 5 Co. 86, it is held, “ that although by the stat. of Rutland made, 12 E. 1, it is provided, that trials in Wales, on a writ of right, shall be by-common jurors, and by 12, yet judgment final shall be there given, (though the plaintiff had previously suffered a non-suit) as it was before the stat., although the manner and dignity of the trial was altered; for, the statute has altered the trial, but the judgment which belongs to such action, remains as it was before.”
But, the act of Assembly further provides, that at “ the trial, any matter may be given in evidence which might have been specially pleaded. ” That is to say, it supersedes the necessity of pleading a collateral matter, by permitting it to be given in evidence at the trial: And, as if such collateral matter had been pleaded, and issue joined thereon, a special verdict might have been found on the principles of the English cases, it follows, that, when the matter of such collateral issue is submitted to the jury in another form, the right to exercise the same power results, as a necessary consequence.
On this ground then, I can, without infringing any of the English decisions, support a right in the jury to find the same kind of verdict in this as in other cases.
Which in reason, as was well argued, seems pre-eminently adapted to cases of this kind; which, in general, are intricate and difficult.
As to the objection on the ground of damages having been assessed by the jury who tried the mise, and judgment rendered for them; the answer is, that the act of Assembly provides, that aamages may be assessed by the recognitors of assise, for'withholding the possession.
With regard to the exception, that all the proceedings were had at Rules, and not in Court, I answer, that neither the woi-ds nor reason of the act require this case to be *378 excepted from the general provision, that proceedings in causes shall be matured at the Rules; and, no argument can be drawn by analogy to ejectments; for there, the assent of the Court is necessary to introduce the real defendant on the customary terms of admission.
FLEMING, Judge.
With respect to the question relative to the damages, it is sufficient to observe, that our act of Assembly in 1786, has changed the common law, and expressly directs, that the demandant, if he recover his seisin,- may also recover damages to be assessed by the recognitors of assise.
There is as little weight in the exception, that the proceedings prior to the trial of the cause were had at Rules and not in Court. For, the act of Assembly, which directs the proceedings-there, is in general terms; and makes no exception as to writs of right.
But, there is more difficulty on the point rélative to the special verdict.
On examining the English books on the subject, this distinction seems to prevail there. When the mise is joined on the mere right, or in other words when the single point is, whether the demandant has greater right to recover than the tenant to hold ? is to be tried, there a special verdict or a-verdict at large cannot be found; but, where any collateral matter is pleaded and an issue taken on it, there the facts may be specially found and the law left to the decision of the Court.
Great solemnity is observed in these trials in that country; sixteen recognitors consisting of four knights and twelve others elected by them, constitute the grand assise; which was substituted in the room of the ancient trial by battle. But, our act of Assembly, to reform and simplify the mode of trial in this action, and to strip it of all its useless requisites, has directed that twelve good and lawful men, qualified as jurors are required to be, shall be elected, tried and charged, as the manner is, to make recognition of the assise; that at the trial any matter may be given in evidence, which might have been specially pleaded; that upon the verdict, or in the case of a demurrer, the like judgment shall be given and execution awarded, as in case of a writ of right; that the party, for whom judgment is given, shall recover his costs of suit; and that the demandant, if he recover his seisin, may also recover his damages, to be assessed by the recognitors of assise, for the te» *379 a.ant’s withholding possession of the tenement demanded: Which brings the case within the rules laid down in the English books. For, the nature of the trial and the variety of matter consisting of both law and fact, which may now be offered to the jury, call for the interposition of the Court. Because as Lord Coke, in his reasoning upon Bowman’s Case, very properly observes, the wisdom of the law is to refer to persons, things in which they have knowledge and are expert; and, therefore, the law will not compel jurors, who have not knowledge in the law, to take upon them the knowledge of points in law, but leaves them to the consideration of the Judges.
If we take the case upon the reason of the thing, it appears more necessary, that there should be a special verdict in writs of right, than in other actions; because the title is often, nay almost always, perplexed and difficult; depending upon legal inferences and abstruse questions, involving many of the niceties of law; which jurors must be very incompetent to decide upon.
Therefore, upon the whole, I think a special verdict may be found in this country in writs of right; and, consequent- • ly, that the judgment of the District Court is proper and ought to be affirmed.
CARRINGTON, Judge'.
All the objections made in this cause are unimportant, except that with respect to the special verdict; and as to that, it seems to me, upon principle, that there is more reason for a special verdict, where the mise is joined upon the mere right and all the points of fact and law are laid before the jury, than in ordinary cases: Because very nice questions of law, respecting the effect of conveyances, seisins and descents, will frequently be involved in the issue: Which the jury must necessarily be very incompetent to decide, and which ought, therefore, to be reserved for the opinion of the Court. This has been thought necessary in ordinary cases, where less difficulty occurs; and the argument is certainly a fortiori in cases of intricacy depending upon some of the most abstruse learning in the law. It is, therefore, wonderful to me, how a contrary doctrine ever should have been thought of.
The English books, however, do afford some contrariety upon the subject, and perhaps they leave the question in some degree of uncertainty. But, our act of Assembly in 1786, which directs that twelve men qualified as jurors *380 are required to be, shall be, elected, tried and charged to ma^e recognition of the assise; and at the trial, that any matter may be given in evidence which might have been specially pleaded, has made so great a change with respect to the jurors and the matters to be submitted to them', as puts the point beyond all doubt. For, they are to be charged as in other cases; and the special matters are to be given in evidence: which necessarily puts all questions of law, however difficult, in issue; and, consequently, upon the principles before-mentioned, the reasons for a special verdict in this case, are as strong as in any other, and perhaps stronger. I am, therefore, for affirming the judgment.
PENDLETON, President.
The exceptions made by the tenants to the demandant’s recovery are:
1st. That damages are not recoverable at Common Law; and though permitted by the act of 1786, they are not recoverable in this action, but in a subsequent one brought for the purpose.
This objection is over-ruled by the words of the act, that the damages are to be assessed by the recognitors of assise.
2d. That proceedings should have been in Court, not at the Rules, as in actions of ejectment. In an ejectment, however, no process issues, nor are there a succession of pleadings; but, a fictitious defence is made, and the real defendant comes into Court, and is admitted on the terms of pleading to issue. The cause is then ready for trial; and it would be idle to send it to the Rule docket, for no other purpose but to be replaced on the Court docket. The law is, therefore, silent as to proceedings atRules in ejectment. But in all actions, without exception, the process in the General Court then, and District Court now, were to be returnable to the next Court; and the day of appearance to be the day after that Court, in the Clerk’s office; where all pleadings are to be had until an issue is made up: which puts an end to the objection.
Sd. That the count describes the lands differently, from that contained in the patents and deeds. This variance we know will happen in all old patents, from mistake or inaccuracy of surveyors and chain-carriers, and from the variation of the compass. Our juries generally and wisely establish reputed boundaries, disregarding mistaken des *381 criptions; and, accordingly, this jury have established the bounds described in the count. *
4th. That the- title is defective; the conveyance under Borden's will, being by two only of the executors. There is, I am satisfied, an old act of Parliament, [21 Hen. 8,] authorising those executors who act, to convey, where part have renounced; but, as the jury have not found that renunciation, it does not apply; and, therefore, I have not sought for it. Besides, the answer given to the objection is satisfactory, that until the power is executed, the lands descend to the heir, who is found to be one of the executors conveying; and, although he conveys as executor and not as heir, yet his conveyance would operate as an estoppel against him, if he was to claim it as heir.
5th. That it is also defective, since although Jibraham, the father, is found to be heir to EzeMel, who died seised, it is not stated that Ezekiel died intestate; and he might have devised it. It was truly said, to be the usual practice to state the intestacy; but that does not prove the necessity for doing so in order to support the heir’s title. The heir is the natural and legal successor to the ancestor; and he who claims in opposition to him, must shew that the succession was interrupted by a devise.
6th. That the lands are not found to be all in the possession of the tenants; and this appears to be true, from a view of the survey made part of the verdict; which shews, that a small parcel of land will be taken from Wilson, who is no party. But the judgment is, that the demandant shall hold the land acquit of the title of the tenants. Wilson will not be bound by it; but will be at liberty to assert his title in opposition to the demandant, if it be superior.
This string of objections being over-ruled, I had some doubt, at first, upon the title of the tenants, under M ’ Clenchan’s lasped patent; but, the jury not having found it to be for the same land, (on the contrary, the judgment on the petition recites a patent to Borden, of a different date, though probably by mistake,) and, above all, that proceeding being against Jibraham, who is- not found to have had any title until the death of his father Ezekiel, in 1778, my doubts are removed; and the demandant’s title stands free of all objections. But a seventh objection is made to the form of the proceedings: namely, e (That *382 the jury, when the mise is joined in a writ of right, must decide, and can’t find a special verdict. ”
The cases referred to, with some which occurred to the Court, have been considered with that attention which was due to the importance of the subject, as fixing a rule in a case, where the decision was so interesting to the community. It is laid down, in very general terms, in Douiman’sCase, that in an assise of novel disseisin, and on issue joined in all other actions, real, personal and mixed, the jury may give a special verdict at common law; of which the statute of W. 2, c. SO, was only an affirmance; and this doctrine was delivered by the Court, in opposition to the arguments of the counsel, that at common law there could be no special verdict, in any case; and that the statute only permitted it in assise of novel disseisin, when, by the pleadings, a collateral point is put in issue.
The reasons given by the Court for this opinion are very forcible. The jury are judges of fact, the Court of law; and, though the jury may take upon them to decide the law, at the peril of an attaint, formerly, (and what further perils then and now must be left to a higher tribunal,) yet it would he very unreasonable to force them into that predicament, and not permit them to discharge their legal duty of deciding the facts, and leaving the law -to the Court.
This reasoning does not apply in a less degree, but a fortiori to writs of right, as was well observed by the counsel. They usually stir up ancient conveyances of difficult interpretation, and likely to produce intricacy and legal perplexity in the discussion, more proper for the Court to decide; and that in a mode which will give them time for consideration.
But, though the Court lay down the rule to extend to all actions, yet, in the case, there is afterwards stated a list of cases, in which a special verdict may be found. Among which is a prsecipe quod reddat, (the present suit) if an issue be joined on a collateral.point; and hence, it is supposed that it cannot be where the mise is joined upon the mere right. But this seems to be the reporter’s own conclusion from the Court’s opinion; which does not warrant the restraint; and, therefore, the inference from it falls to the ground.
In Andrews v. Lord Cromwell, Moore 762, the Court, among other general rules, lay down this: “that the jury cannot find a special verdict where the mise is joined upon *383 the mere right. ” No reason is given for it there, but subsequent authors have given several, such as they are. 1st. That Lord Coke, in his commentary upon Litt. 294, says, the attaint of jurors was for a false verdict on an issue joined; but, as the joining the mise is not an issue, the at-taint does not lie; and, therefore, that there is no reason for allowing a special verdict.
He, however, defines both the joining the mise and the issue; and proves to me that they are essentially the same, and differ only in his terms. But, suppose an attaint would not lie, is the avoiding that peril to the jury the only reason for a special verdict? And is the right of the parties to have their cause tried in the legal course, of no consideration? I can only say, such reasoning is a feather in my judgment, weighed against that in Dowman’s Case. In page 295, he says, it is the duty of the Judges to instruct the jury in points of law; and in another place, he says, it is their general duty to hear, consider, consult and determine. This, a special verdict affords an opportunity of doing, which the instruction does not: and that seems to be the only difference between them in principle, giving a decided preference to the special verdict.
In page 226, he repeats the general rules in Eoioman’s Case, but adds, as a condition, that the jury may find a special verdict, if the Court will receive it: A strange
proceeding, and over-ruled in \Jlnony.~\ 3 Salk. 373, and 7 Bac. Abr. 4, [Gwil. ed.] which shew that the Court cannot refuse it, if pertinent.
The best reason, given for Moore’s rule, is founded on the solemnity of the trial. Six knights are summoned, who meet and elect twenty-four knights, and others, who are also summoned; and out of them sixteen are chosen; that is to say, four knights and twelve privates. The trial is at bar, where the four Judges are together, to assist in giving instructions on any point of law, with libraries at hand, to recur to if they doubt; and on this ground, it is probable the practice in England yet is, not to find a special verdict, since we do not find an instance of one.
Yet even there, as a question of law, (since it is admitted that the Court may give their opinion on the law of the case,) it would seem strange, that a special verdict should be excluded; which must be allowed to be the most eligible mode of bringing the question before the Court, especially in subordinate jurisdictions.
*384 But, however it be there, we have a maxim “that the ^aw does not apply, where the reason ceases;” more especially in points of practice; which, after all, this seems to be.
In this country, these suits are to be tried either in the County Courts, where there is generally more integrity than law knowledge; or in the District Court, where there is often but one Judge; and, at any rate, no library at hand to assist in removing doubts. Instead of sixteen jurors, in whose election a regard is had, no doubt, to their abilities, our juries consist of twelve, called out at the instant from the bye-standers, and no other qualification prescribed, than their being freeholders.
The act of October, 1786, on which the present suit is brought, is “an act for reforming the method of proceeding in writs of right.”
The reforms are, 1st. That in joining the mise, the parties are to put themselves upon the assise; and not the’ grand assise, as in England. 2d. A jury of twelve men, (qualified as jurors are required to be,) are to be sworn, and chai’ged to make recognition of the assise; instead of the sixteen, according to the English practice. Sd. On the verdict, (without excluding those that are special,) pr in case of a demurrer, such judgment shall be entered, ana execution awarded, as in a writ of right; and, if the plaintiff recover, the jury may assess damages, which is not to be done in England. 4th. That the parties may give in evidence, any matter which they could have pleaded; which would seem to remove Lord Coke’s refined distinction, between joining the mise and joining an issue on a collateral point, if it had been found.
Since, therefore, the avowed purpose of the act is, to reform the mode of proceeding in these suits; and, the Legislature have reduced the grand assise to' a common jury, and speak of their verdict in general, without restraining it to any particular kind, there is nothing to distinguish it in this respect from a verdict in any other suit. The case in the 5 Coke 85, is only the reducing of the jury to 12 in Wales; but, did not alter the nature of the judgment. Our act says the same; and, that case is silent, as to the verdict.
Upon the whole of the law, then, I think the finding of a special verdict is justifiable. Upon principle, it admits of no doubt; and, therefore, I am for affirming the judgment.

[* See Herbert et ux. v. Wise et al. 3 Call, 239, Dogan v. Seekright lessee of Carter, 4 H. & M. 125; and Conn et al. v. Penn et al. 1 Peters R. 511.]