PENDLETON, President,
delivered the resolution of the Court, as follows:
This was an ejectment, in the District Court of Dumfries, for 1320 acres of land, in Fairfax count}'. Upon the trial, the plaintiffs, in order to prove their title, gave in evidence a patent to George Brent, dated in 1677, for 1143 acres of land on Hunting Creek; the will of George Brent, in 1694, by which he devised that land to his son, George Brent, jun. who, by his will in 1700, devised 400 acres of that tract, to be first laid off, to his brother Henry; other 400 | acres to his brother Robert; and, to his brother Nicholas Brent, the plantation, the residue of the said land, whereon Robert Williams was tenant, being 343 acres: The will of Nicholas Brent, in 1711, bj' which he devises this land, called, by him, 400 aci;es, to be sold for the payment of his debts: And a deed, in 1715, from Robert Brent, executor of Nicholas, to John Ball; wherein, after reciting the will of Nicholas, he, in pursuance thereof, conveys to Ball a certain parcel or tract of land, on Hunting Creek, being 343 acres, part of a tract of 1143 acres, patented to George Brent the elder, given by him to George Brent, jun., whose devises, to his three brothers, are literally copied; the said 343 acres being bounded as followeth, and the bounds are inserted. Here the counsel for the *defendant interposed, and moved for the direction of the Court to the jury, “that no more land passed to John Ball under the patent, wills and deed, than was comprehended in the metes and bounds mentioned in the deed:’ ’ Which direction being given accordingly, a verdict passed for the defendant. The plaintiff filed exceptions to the Court’s opinion, and appeáls; and the question now is, whether that opinion was a misdirection? To pursue the proper descriptions of our land boundaries, would render men’s titles very precarious, not only from the variations of the compass, but that old surveys were often inaccurate; and mistakes often made, in copying their descriptions into the patents; leaving out lines, and putting north for south, and east for west; and in copying those descriptions into subsequent conveyances: Whereas, the marked trees upon the land remain invariable, according to which neighbours hold their distinct lands. On this ground, our juries have uniformly, and wisely, never suffered such lines, when proved, to be departed from, because they do not agree exactly with descriptions in conveyances. However, when a question arises, what passes by a written instrument, it is proper for the Court to decided that question; and we proceed to consider, whether the opinion given by the District Court upon this deed, was legal and proper? And we think not; for, that by the will of George Brent, jun. his brother Nicholas was entitled to all the Hunting Creek tract, besides the 800 devised to Henry and Robert, whatever was the quantity, the words, residue of the tract, controlling the supposition of the quantity; that the will of Nicholas author-ised the sale of his whole right, 'and that the deed to Ball was intended to be, and was a conveyance of the whole; being of the parcel or tract supposed to be 343 acres from the recital of the patent and wills, and the same terms used essentially, as are in the devise by George Brent to his brother Nicholas. We are, therefore, of opinion, that it was a misdirection in *the Court, and that the plaintiffs ought to have been permitted to proceed, and shew, if they could, that they had the same title as Ball had. The judgment is, therefore, to be reversed with costs, and a new trial ordered, on which the plaintiffs are to be permitted to shew, if they can, that they have the same title that Ball had.

Boundaries — Natural Landmarks Control —In descriptions of lands or questions of boundaries, tbe rnle Is that natural landmarks, marked lines and repnted boundaries will control mere courses and distances or mistaken descriptions in surveys and conveyances. In support of this proposition, the principal case is cited and approved in Dogan v. Seekright, 4 Hen. & M. 135; Pasley v. English, 5 Gratt. 151; Norfolk Trust Co. v. Foster, 78 Va. 417; Adams v. Alkire, 20 W. Va. 486. See Baker v. Seekright, 1 Hen. & M. 177;, Coles v. Wooding, 2 P. & H. 189, and note; Smith v. Davis, 4 Gratt. 50, and note: Preston v. Bowman, 6 Wheat. 580; Newsom v. Pryor, 7 Wheat. 7, and foot-note to Shaw v. Clements, 1 Call 429.