Gaston, Judge,
 

 after stating the facts as above, proceeded: — It has not been and will not be pretended, that in its terms this order is a personal undertaking on the part of these individuals to pay the reward. It purports to be a command issued by the embodied magistracy of the county, to that county and its fiscal officers. If it can be regarded in the nature of an engagement, it must be
 
 *365
 
 viewed as professing, and as credited by the plaintiffs, to be, not the engagement of the defendants, but the engagement of the county of Gates. But it is admitted on all hands, that the order for the reward did not bind the county, for that the justices had no authority to disburse or direct the application of the county moneys, except when holding the regular county court. And it is insisted by the plaintiffs, that whenever a contract is entered into in behalf of others without authority, it becomes the personal contract of the pretended agents. To this proposition, in its broad terms, we do not assent. Every man who is guilty of a fraud, in
 
 pretending
 
 an authority to bind another, and who by means of that fraud does an injury to a third person is undoubtedly responsible to the extent of such injury. He who stipulates in the name of another without fraud, but without authority, and receives the consideration of that stipulation, may be liable on the promise which the law implies from the receipt of the consideration.
 
 Delins
 
 v.
 
 Cawthorn,
 
 2 Dev. 90. But where there is no concealment or misrepresentation in him who promises, in the name of another, and no consideration or benefit moves personally to him; where there is a simple misapprehension on both sides, that be for whom and as whose the engagement is made, will be bound to perform it, I am not aware of the principle of law or equity that raises a personal promise in opposition to- the unquestioned truth of the case. But however this may be as to engagements professing to be made under authority from individuals, we consider it settled that an action will not lie against a public agent for any contract entered into by him in his public character, although alleged to be in the particular instance a breach of his employment, unless he explicitly undertakes to be personally responsible.
 
 Gidley
 
 v.
 
 Palmerston, 2
 
 Bro. & Bing. 275.
 
 Unwin
 
 v.
 
 Wolseley,
 
 1 Terms, 674.
 
 Macbeath
 
 v.
 
 Haldermand,
 
 Id., 172.
 
 Hodgson
 
 v.
 
 Dexter,
 
 1 Cranch, 345. The defendants, therefore, are not liable as charged. The mere fact that the order exceeded their authority does not support the allegation of a personal promise.
 

 Without examination into the other grounds of defence
 
 *366
 
 which have been taken, we feel ourselves bound to dismiss the bill with costs to these defendants.
 

 ^ plaintiffs have a well founded claim against the county, it ought not to be doubted but that, on proper application, they will obtain full justice.
 

 Per Curiam. Bill dismissed.