# Phillips *v.* Hornsby.

*Statutory Real Action in nature of Ejectment.*

1. *Power of attorney construed.*—A written instrument in these words, "This is to certify that C. D. is appointed my legal and lawful agent to sell any of my lands in Tallapoosa county to M. G., and to sign my name to any deed or bond, and it shall stand good in law as though I had signed it myself," signed "*S. A. Phillips, executrix,*" is a valid power of attorney, though not in technical form, binding the maker personally, and authorizing the agent to sell and convey her interest in the lands to the person named.

2. *Estoppel against executor, by power of attorney and deed binding him personally.*—An executrix, having a life-estate in the lands devised, having executed a valid power of attorney, authorizing an agent to sell and convey the lands; and the agent having sold and conveyed the lands in her name, adding the word *executrix* and his own name as agent; though neither the power of attorney nor the deed binds the testator's estate, they yet bind the executrix personally, convey her life-estate in the lands, and estop her from maintaining an action as executrix for their recovery.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JAMES E. COBB.

This action was brought by Mrs. Sarah A. Phillips, suing as the executrix of the last will and testament of her deceased husband, James D. Phillips, against Elizabeth Hornsby, Mark C. Golden, and William Golden, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 12th August, 1879. The bill of exceptions does not show what evidence was adduced by the plaintiff on the trial, though it contains the following statement: "It is admitted by both parties that the third, fifth, and seventh paragraphs of the last will and testament of James D. Phillips, plaintiff's intestate, are correctly set out by copy hereto attached, and made an exhibit as part of this bill of exceptions;" and these provisions of the will show that the testator devised and bequeathed to his widow a life-estate in all his

property, appointed her executrix jointly with one of his daughters, relieved them from giving bond, and gave them power to "sell, barter, exchange, or otherwise dispose of any property, in any way they may think proper." The defendant claimed under a conveyance from the plaintiff, executed in her name by one C. D. Condon as her agent; and he offered in evidence on the trial the conveyance and the power of attorney to Condon. The power of attorney, which was signed "*S. A. Phillips*, executrix," and attested by one witness, was dated the 10th December, 1869, and in these words: "This is to certify, that C. D. Condon is appointed my legal and lawful agent to sell any of my lands in Tallapoosa county to Mark Golden, and to sign my name to any deed or bond, and it shall stand good in law as though I had signed it myself." The deed was dated the 13th December, 1869, was attested by one witness, and was thus signed: "S. A. PHILLIPS, executrix [seal], by *C. D. Condon*, agent." The following are the material parts of the deed: "Know all men by these presents, that I, Sarah A. Phillips, executrix of the estate of J. D. Phillips, deceased, for and in consideration of the sum of two hundred and twenty-five dollars to me in hand paid by M. C. Golden, the receipt of which I do hereby acknowledge, do hereby grant, bargain, sell, enfeoff and confirm unto M. C. Golden, his heirs and asssigns, the following tract or parcel of land," describing the lands sued for; "to have and to hold the aforegranted premises to the said Marcus C. Golden, his heirs and assigns, to their use and behoof forever; and I do covenant with the said M. C. Golden, his heirs and assigns, that I, Sarah A. Phillips, executrix as aforesaid, will warrant and defend the said premises to the said M. C. Golden, his heirs and assigns, forever, against the lawful claims of all persons. In witness whereof, I, the said Sarah A. Phillips, executrix as aforesaid, hereunto set my hand and seal," &c. No certificate, or other proof of its registration, is appended to this deed as set out in the bill of exceptions, nor is it stated that any proof of its execution was offered. "To said power of attorney and deed the plaintiff made the following objections: 1. Because said Sarah A. Phillips, as the executrix of the estate of James D. Phillips, could not legally constitute C. D. Condon her agent in her trust capacity. 2. Because it purports to be signed by an agent of an agent, or an agent of an executrix, in her trust capacity. 3. Because two executrixes were appointed by the said testator's will; and, as but one of them qualified under said will, the said Sarah A. Phillips was not authorized to execute such a trust without the consent of the other. 4. Because said deed shows to be executed by said S. A. Phillips as executrix of the estate of James D. Phillips, by C. D. Condon, agent. All of said objections the court overruled, and per-

mitted said power of attorney and deed to go to the jury as evidence in behalf of the defendants; and the plaintiff excepted to said ruling of the court.  The plaintiff requested the court, in writing, to charge the jury, that the said paper dated the 10th December, 1869, claimed by the defendants to be a power of attorney from plaintiff to C. D. Condon, is only the certificate that said Condon is her lawful agent, and is not the appointment constituting such attorney; and unless the defendants show that there is some other writing signed by plaintiff, constituting and appointing said Condon as such attorney, authorizing him to convey said lands, then said deed to Golden by said Condon, as agent for S. A. Phillips, is void. The court refused this charge, and the plaintiff excepted to its refusal." These are all the recitals and rulings shown by the bill of exceptions.

The overruling of the objections to the evidence, and the refusal of the charge asked, are now assigned as error.

JOHN A. TERRELL, for appellant, cited Dunlap's Paley on Agency, 175, marg.; *Pendleton v. Fay*, 2 Paige, 202; *Tarver v. Haines*, 55 Ala. 503.

W. D. BULGER, *contra*.

SOMERVILLE, J.—The instrument executed by the appellant was written evidence of Condon's authority to sell her lands, and was good to constitute him her agent for this purpose, within the limitations specified.  Though in form a certificate, it is written evidence of the fact that he was her lawful agent, empowered to sell any of her lands in Tallapoosa county to Mark Golden, with full authority to execute a deed for the same.  This was, in legal effect, though not in technical form, a good power of attorney for this purpose.

The addition of the word " executrix," as often ruled by this court in similar cases, was a mere *descriptio personæ*, and rendered the instrument none the less binding on the signer personally.  It was not operative at all to bind the estate of which she was the legal representative by testamentary appointment. *Riggs v. Fuller*, 54 Ala. 141.

The deed executed to Golden under the authority of this power was, however, clearly operative to convey whatever interest in the lands that might be owned by Mrs. Phillips individually, which, under the terms of the will, seems to have been a life-estate.  She would be estopped to deny to it this effect, although it might be otherwise with her successor in the administration of the estate.—*Morris v. Morris*, 58 Ala. 443 ; *Chapman v. Abrahams*, 61 Ala. 180.

[Green v. Casey.]

For these reasons, the Circuit Court properly admitted in evidence both the deed and the power of attorney.

Affirmed.