MOREHEAD BANKING COMPANY v. LUCY L. MOREHEAD et al.

*Contract—Action on Note—Note of Executor Given for Benefit of Decedent's Estate—Limitation of Individual Liability.*

1. Contracting parties are not prohibited from inserting in a written agreement a provision that an implication, which the law would otherwise raise, shall not arise; therefore,
2. While an executrix who gives a note in her representative capacity for money borrowed to pay debts of the estate is personally liable, nothing else appearing, yet when it is so signed, but in the body of the note are inserted the words "L. L. M., Executrix, etc., but not personally," she is not personally liable.

CIVIL ACTION, heard before *Winston, J.*, at June Term, 1894, of DURHAM Superior Court. The action was upon a note which had been given in renewal of a note on which the testator of defendant L. L. Morehead, Executrix, was surety. The note sued on was as follows:

"$4000.00.                    DURHAM, N. C., Aug., 1892.

"Six months after date, we or either of us, S. T. Morgan, J. S. Carr, W. W. Avery, and Mrs. L. L. Morehead, Exec-

utrix of Eugene Morehead, but not personally, promise to
pay to the order of Morehead Banking Company Four
Thousand Dollars with interest at eight per cent. per
annum thereafter if unpaid, interest to be paid semi-
annually, negotiable and payable at Morehead Banking
Company, of Durham, N. C., for value received.

MEBANE MILLS COMPANY, by

S. T. Morgan.

S. T. MORGAN.

J. S. CARR.

LUCY L. MOREHEAD,

Ex'rx of Eugene Morehead.

W. W. AVERY."

The plaintiff asked for judgment against Mrs. More-
head as Executrix as well as personally.  She demurred
orally to the complaint and moved to dismiss the action
against her in both capacities.  The demurrer was sus-
tained as to her, personally, but was overruled as to her as
executrix.   To this ruling the plaintiff excepted and
appealed, assigning the same as error, and insisting that
the defendant could not limit her personal liability and
that the words in the note did not have the effect of exemp-
ting her from personal liability.

*Messrs. J. W. Graham* and *Boone & Boone,* for plaintiff
(appellant).

*Messrs. Fuller, Winston & Fuller,* for defendant.

AVERY, J.: It is an elementary principle that every per-
son who is not at the time laboring under some total or
partial disability, such as infancy, insanity or coverture,
has the legal capacity to enter into any agreement not
prohibited by law, and that the lawful contracts of persons
having the capacity to enter into them are binding upon

and enforcible against the parties to them. It is equally familiar learning that all contracts between persons capable of entering into them, and not in conflict with the State or Federal Constitution, in contravention of common or statutory law, or condemned as contrary to public policy or good morals, are lawful.

The plaintiff corporation and the defendant executrix both being capable of contracting, entered into an agreement, wherein it was especially stipulated that she, by signing a promissory note as executrix of her deceased husband, should not be held liable in her individual capacity. Such was the obvious purpose with which the words "Mrs. L. L. Morehead, Executrix of Eugene Morehead, but not personally," were inserted in the body of the note, where the parties promising are named, and when she signed and the bank accepted the note both must have understood and assented to it, interpreted according to its plain meaning. 7 Am. & Eng. Enc., 337, note 2. It was intended by the parties that she should incur no personal liability by signing in her representative capacity, and, if such a purpose can be carried into effect without running counter to any rule prescribed in furtherance of public policy, the plaintiff has no right to demand a personal judgment against her. The law does, for sufficient reason, sometimes restrict the right to limit one's liability by contract. As, for instance, where a railroad company attempts to stipulate against liability as a common carrier for injury due to its own negligence, this limitation is held to be void as against public policy. But on the other hand, where personal representatives, in the exercise of a power contained in a devise or acting under an order or decree of Court, have been required to execute conveyances of land, it has been the habit, in order to avoid raising the question of personal liability on the usual covenants of a deed, to

specially stipulate that the executor or administrator agrees to warrant and defend, &c., only in his representative capacity and to the extent to which he is empowered to do so. The doctrine under which the personal representative, who merely promises to pay by signing or by also inserting his name in the body of the instrument in his representative capacity, has been held personally liable, was founded upon the old principle that he thereby acknowledged that he had assets of the estate in his hands and that the assets were the consideration of the note. *Sleighter* v. *Harrington*, 2 Murphy, 332. If, said Judge RUFFIN, such a "promise were good, it made the debt personal. Whenever one becomes personally bound for the debt of another (no matter how) it becomes his own debt and must be paid out of his own estate. Nothing but satisfaction, or other matter which would discharge him from any other of his own personal debts, would discharge him from this. In Bain's case, Lord Coke is express that an executor can only show on the day of trial that he had no assets at the time of the promise." It would seem that the rule applicable to a personal representative, who signs in his fiduciary capacity, was founded upon a principle that can scarcely be said to have survived modern changes, but however it originated, it is a part of the law of this State repeatedly affirmed previously and last approved by us in a case between some of the same parties at this term. To hold the executrix bound by an implied promise in the face of an express stipulation, constituting a part of the common understanding that she should in no event be held personally liable, would be to allow a legal fiction to contradict a palpable fact. There is no principle of law which prohibits parties from inserting in a written agreement a provision that an implication, which the law would otherwise raise, shall not arise. The object of the courts in the

interpretation of contracts is to arrive at the intent of the parties, where they have not expressed it clearly, or to ascertain the precise terms of the agreement to which two or more minds assented. Where their meaning is unmistakable, there is no room for construction and nothing is implied, when everything intended is expressed with accuracy and certainty. Where the intention of the parties is plainly expressed and the agreement is not illegal, the law requires that the courts shall give effect to it. Rules of construction are resorted to in order to ascertain the meaning of uncertain or ambiguous language, but never to defeat a plainly expressed purpose. Such is the rule governing the interpretation of all other contracts, and there is no reason why the same test should not be applied to those made by personal representatives. *Christian* v. *Sugdom*, 21 N. Y., 182.

The point directly raised in this case is one of the first impression in this State, and we prefer to let our decision rest upon sound reason and 'approved elementary principles, rather than to go out in search of analagous cases or authority from other courts. We have not, however, found any authority in conflict with the conclusion we have reached.

The appeal is from the refusal to give a personal judgment against the executrix. The judgment against the executrix in her representative capacity is not drawn in question. It is not material therefore to discuss the other question suggested on the argument, whether, as executrix, the *feme* defendant would be held liable, if the question were raised on this or the original note of her testator.

The judgment of the court to the effect that the executrix is not personally liable is affirmed.

Affirmed.