A. L. JOYNER AND HUSBAND, ANDREW JOYNER, v. S. M. CRISP.

(Filed 6 March, 1912.)

1. Equity—Contracts to Convey—Entirety—Vendor and Vendee—
   Part Performance—Damages.

   When upon the face of a contract to convey lands it appears
   that it is to be performed in its entirety, it is unenforcible as to
   a part, and hence the rule does not apply that where a vendor
   has not substantially the whole interest he has contracted to sell,
   the purchaser can insist on having all that the vendor can con-
   vey, with compensation for the difference.

2. Same—Title—Subject to Decree—Breach—Notice of Defect—
   Damages.

   A contract or option made by the life tenant to convey the fee
   in lands of which the remainder is in her children, made sub-
   ject to a decree to be obtained in court confirming the fee in her
   and ordering the conveyance thereof to be made to the vendee,
   is unenforcible, and as the vendee has entered into the contract
   with notice of the defect in the vendor's title, he cannot recover
   any damages he may have sustained by reason of the breach.

APPEAL from *Whedbee, J.*, at November Term, 1911, of PITT.

The action was brought by the plaintiffs to have set aside
and canceled upon the ground of fraud a certain paper-writing,
or contract, in reference to the selling of land entered into on
15 September, 1910, between Alice Lee Joyner and her hus-
band, Andrew Joyner, and S. M. Crisp.

The defendant, among other things in his answer, set up a
counterclaim in the nature of a cross-action, and asked for a
decree compelling the specific performance of the said contract
upon the part of the plaintiffs. The following deed or paper-
writing is the one referred to in the cross-action:

This indenture, made this the 15th day of September, 1910,
by and between Alice Lee Joyner and husband, Andrew Joyner,
of the county of Guilford and State of North Carolina, parties
of the first part, and S. M. Crisp, of the county of Pitt and
State of North Carolina, party of the second part:

Witnesseth, That the said parties of the first part, for and
in consideration of the sum of two hundred dollars ($200) to

them paid by the party of the second part, the receipt of which is hereby acknowledged, hereby agree to sell and convey by good and sufficient deed in fee simple to the party of the second part,. at his option, the following described land, to wit:

Situate and being in the county of Pitt, in Falkland Township, known as the John Peebles farm, and bounded as follows: on the north by Tar River, on the east by the lands known as the Hearne lands, now owned by O. L. Joyner and Mrs. Corbett, continuing east and southeast along the line of the John Randolph lands; thence west, adjoining the lands of Walter Corbett, until the line of what is known as the old William Peebles eastern boundary is reached; thence north along this line and that part of the William Peebles' line known as the Windom land; thence along this line north to its northwestern corner; thence west along the Windom line to a small branch at the western corner of the Windom line; thence to the line of the R. R. Cotten land; from thence north along said Cotten's line, known as the Southwood farm, to the main road leading from Falkland to Greenville; thence across said road north along said Cotten's line to Tar River; containing by estimation seven hundred and twenty (720) acres.

This option is to remain in force for ninety days or until such time as the parties of the first part can obtain by special proceedings in the Superior Court of Pitt County a judicial decree confirming to the party of the second part a fee-simple title. Should the said party of the second part fail to avail himself of said option, upon the securing of this judicial decree at or near the time specified, then this agreement shall be void; but in case the said party of the second part shall tender to the parties of the first part, or to the trustee appointed by the court in the judicial decree heretofore mentioned, the sum of eight hundred dollars ($800)· in cash and eight notes of two thousand dollars ($2,000) each, with interest, payable annually, on each note, at 6 per cent, the said notes, with interest each year on the unmatured notes to be due and payable as follows, respectively: January first of the years 1912, 1913, 1914, 1915, 1916, 1917, 1918, and 1919, said notes to be secured by a proper· and sufficient lien upon the said land for the purchase money,

as the law provides, or as may be agreed upon by the parties hereto, or provided in the judicial decree above referred to.

Upon the performance of the above stipulations by the party of the second part, the parties of the first part will agree to execute in their own proper persons and by the decree of the Superior Court a deed in fee simple to the said tract of land as described above, together with all the appurtenances thereunto belonging.

The said parties of the first part covenant with the said party of the second part that the said lands are free from all encumbrances, except such as will be removed by the judicial decree above referred to, and that they, in addition to said judicial decree, will provide to warrant and defend the title to the same against the claims of all persons whatsoever.

In testimony whereof, the parties of the first part have hereunto set their hands and seals, the day and year first above written.                    ALICE LEE JOYNER  (SEAL).
                            ANDREW JOYNER    (SEAL).

Filed 1 April, 1911.

                            A. T. MOORE, *Deputy C. S. C.*

His Honor gave judgment upon the pleadings in favor of the plaintiffs, and dismissed the cross-action. On this judgment the defendant appealed.

*Jarvis & Blow, S. J. Everett, Albion Dunn for plaintiff.*
*Moore & Long and F. G. James & Son for defendant.*

BROWN, J. In the view we take of this case, it is unnecessary to consider the first exception of the defendant, in respect to the refusal of the court to make one O. L. Joyner and others parties to the action. If the contract is one which a court of equity will not require to be specifically performed, then a defect of parties is of no material matter.

His Honor ruled that the contract is one upon its face with which the plaintiffs cannot comply, and, therefore, a court of equity will not attempt to enforce it, and consequently in respect to a decree compelling partial performance, as asked by the defendant, his Honor was of opinion that the contract was intended as an entirety, and must stand or fall as such, and that

the court will not under the circumstances compel partial performance of the contract and require abatement of the price.

The facts are, as appears by the pleadings, that the property in question, known as the Peebles place, belonged to the *feme* plaintiff for her life, and after her death to her children, some of whom are minors.

At the time the contract referred to was entered into between the plaintiffs and the defendant, the defendant admits he knew the status of the title, and there is nothing in the pleadings themselves which indicates, or even alleges, that any imposition was practiced upon the defendant, or that he entered into this contract except with his eyes open.

The contract upon its face indicates plainly that it does not lie within the power of the plaintiffs of their own will to comply with it. It appears upon its face that the plaintiffs own practically nothing but a life estate, and that the only method to carry out the contract was by appealing to the judicial tribunal to decree a sale of the infants' estate.

The following excerpts from the contract is plainly indicative that resort to a judicial tribunal was absolutely essential to its performance, viz.: "This option is to remain in force for ninety days, or until such time as the parties of the first part can obtain by special proceedings in the Superior Court of Pitt County a judicial decree confirming to the party of the second part a fee-simple title." Again, "Upon the performance of the above stipulations by the party of the second part, the parties of the first part will agree to execute in their own proper persons and by the decree of the Superior Court a deed in fee simple," etc.

The plaintiffs in this case had no power to enter into a contract to sell their children's land, and a mere promise to resort to a court for the purpose of decreeing a sale of it cannot possibly be enforced, for it is beyond the power of the plaintiffs to predicate what the judgment of the court may be.

Upon this principle it is held that a party cannot recover upon a contract wherein a guardian, who owned certain interest in land of which his ward was part owner, agreed to institute and to carry through court proceedings necessary to the con-

summation of a sale or exchange of such property. *Zander v. Feely,* 47 Ill. App., 660; *LeRoy v. Jacobsky,* 136 N. C., 444.

There have been cases where guardians have entered into such contracts, and upon failure to perform them have been held liable in damages personally. *Mason v. Waitt,* 4 Scam., 127, and *Mason v. Caldwell,* 5 Gilman, 196. But we find no instance where such contract has been specifically performed by decree of court, unless it was to the ward's interest.

In regard to the contention that the defendant is entitled to the partial performance and conveyance of the life estate, and damages in the way of abatement of the price, it may be said that we recognize the general rule that where the vendor has not substantially the whole interest he has contracted to sell, yet the purchaser can insist on having all that the vendor can convey, with compensation for the difference.

But in this case it is apparent on the face of the contract that it was to be performed as a whole—stand or fall as an entirety—and, therefore, it cannot be specifically enforced as to part.

It is admitted by the defendant in his answer that he knew that the land in fee belonged to the plaintiffs' children. It seems to be well settled that the rule that when a person makes a contract for the sale of real estate in which he has only limited interest, he may be compelled in equity to convey as much of the property as lies in his power to convey, with a deduction from the agreed price, does not apply where the purchaser at the time of the sale had notice of the defect in the vendor's title. *Knox v. Spratt,* 23 Fla., 64; 26 Am. and E. Ency., p. 84.

For the reasons given, we think the contract is one which cannot be specifically performed, nor can the defendant recover damages for a failure on the part of the plaintiff to perform it. The judgment of the Superior Court is

Affirmed.