BESSIRE & COMPANY, INC., v. MRS. F. A. WARD, EXECUTRIX OF F. A. WARD, DECEASED, AND MRS. F. A. WARD, INDIVIDUALLY.

(Filed 22 January, 1936.)

**Executors and Administrators C d—Evidence of agreement against personal liability of executrix for goods bought for estate held for jury.**

An executrix, in buying merchandise necessary to the operation of the business of the estate, may escape personal liability therefor by making an agreement with the seller to that effect, and evidence in this case tending to show that the executrix explained to the seller's agent that she was buying the goods to continue operating a dairy belonging to the estate, that he understood the estate would be liable, that the goods were delivered pursuant to the understanding as ordered by the manager of the dairy, that the seller knew the manager was operating the dairy for the estate, and that the seller filed his claim with the estate and received dividends thereon from the estate, and made no demand on the executrix in her individual capacity until the institution of the action, *is held* sufficient to be submitted to the jury on the question of an agreement between the parties that the executrix should not be individually liable, and a directed verdict against the executrix in her individual capacity was error.

APPEAL by Mrs. F. A. Ward, individually, from *Grady, J.,* at September Term, 1935, of DURHAM. New trial.

This action was instituted by the plaintiff against the defendant in her official capacity as executrix of her late husband, and against her individually, for a balance alleged to be due for dairy supplies sold and delivered, and was tried upon the following issues:

"1. Is Mrs. F. A. Ward, as executrix of the estate of F. A. Ward, indebted to Bessire & Company, Inc., and if so, in what amount?

"2. Is Mrs. F. A. Ward, individually, indebted to Bessire & Company, Inc., and if so, in what amount?"

Both issues were answered: "Yes, $1,495.32, with interest from 27 October, 1930," the first by consent, and the second under a peremptory charge from the court to the effect that if the jury found the facts to be as shown by all of the evidence they would so answer the issue.

From a judgment based upon the verdict against the defendant, both as executrix and individually, the defendant individually appealed, assigning errors.

*Forrest A. Pollard and Hedrick & Hall for plaintiff, appellee.*
*Bryant & Jones for defendant, appellant.*

SCHENCK, J. The principal assignments of error made by the appellant are to the court's refusal to sustain motions for judgment as of nonsuit and to the peremptory instruction given by the court to the

effect that if the jury believed the evidence and found the facts to be as testified by the witnesses, both for plaintiff and defendant, it would be. the duty of the jury to answer the second issue in the sum of $1,495.32, with interest.

The motions for judgment as of nonsuit were properly denied.

This appeal presents the question of the sufficiency of the evidence to be submitted to the jury as to whether the defendant, in contracting with the plaintiff, stipulated against personal liability. If there was such a stipulation, and if the defendant can establish it by competent evidence, the defendant, individually, would not be liable to the plaintiff for the purchase price of the dairy supplies sold and delivered to her as executrix. If such stipulation cannot be established by the evidence, then, under the law, the defendant would be individually liable to the plaintiff for the supplies so sold and delivered. See this case upon former appeal, 206 N. C., 858.

In 11 R. C. L., at page 167, we find this statement of the law: "But when an executor or administrator enters into a contract for the benefit of the estate which he represents, without stipulating against personal liability, his contract is personal, and he is liable to the same extent and may be sued in his individual capacity in the same manner as if the contract had been entered into for his personal benefit."

In *Banking Company v. Morehead,* 116 N. C., 413, it is said: "To hold the executrix bound by an implied promise in the face of an express stipulation, constituting a part of the common understanding that she should in no event be held personally liable, would be to allow a legal fiction to contradict a palpable fact. There is no principle of law which prohibits parties from inserting in a written agreement a provision that an implication, which the law would otherwise raise, shall not arise. The object of the courts in the interpretation of contracts is to arrive at the intent of the parties, where they have not expressed it clearly, or to ascertain the precise terms of the agreement to which two or more minds assented." The same principle of law is apposite to parole contracts, the only distinction being in the method of proof.

Mrs. Ward, the defendant, testified without objection or contradiction that she did not buy the merchandise as an individual, that she conversed with Mr. Davidson, who was the salesman of the plaintiff company, and told him all about the circumstances of continuing the operation of the dairy by the estate and that he understood that the estate was responsible for the payment for the dairy supplies, and that pursuant to this understanding they were delivered from time to time, after having been ordered by the manager of the dairy plant, and that following this understanding the plaintiff company filed its claim against the Ward estate and received dividends thereon from the Ward estate, and

that no bills were sent to or demand made upon her as an individual for payment until this action was begun.

The defendant's witness, Collingwood, testified in effect that he took charge of the dairy as manager soon after the death of Mr. F. A. Ward, and that he was hired by the estate and paid by the estate, and that he knew Mr. Davidson, salesman of the plaintiff company, and had numerous conversations with him, and had told him that he would try to take care of everything that he bought, just as he bought it, and that Mr. Davidson knew that he was running the dairy as manager for the F. A. Ward estate.

Davidson was not introduced as a witness.

We think, and so hold, that the foregoing evidence, when construed, as we must construe it, in the light most favorable to the defendant, was sufficient to be submitted to the jury upon the question as to whether there was an agreement or understanding between the plaintiff and the defendant that there would be no attempt to hold the defendant personally liable, and that his Honor erred in directing an affirmative answer to the second issue instead of submitting the question of the existence of a stipulation against individual liability to the jury.

New trial.