J. W. GRIFFIN v. G. L. TURNER AND WIFE, AMELIA S. TURNER; WILLIE E. TURNER AND WIFE, ETHEL W. TURNER; E. R. TURNER (UNMARRIED); ODETTE T. WEBB AND HUSBAND, L. G. WEBB; H. D. TURNER AND WIFE, MAUDE B. TURNER; OLIA T. SPRUILL AND HUSBAND, PHILLIP SPRUILL; BESSIE T. HYATT AND HUSBAND, T. D. HYATT; C. P. TURNER AND WIFE, MAIDIE TURNER.

(Filed 17 September, 1958.)

**1. Executors and Administrators § 8: Descent and Distribution § 1—**

Upon the death of a person intestate, title to his lands vests in his heirs and not his administrators.

**2. Executors and Administrators § 13a—**

An administrator has no power as such to convey the lands of the estate.

**3. Principal and Agent § 12a—**

The rule that where a person purports to act as agent for another he impliedly warrants his authority to bind his principal, does not apply when the person dealing with the agent knows that the agent in fact has no authority to act in the premises.

**4. Executors and Administrators § 30a—**

   Neither the administrators executing a written authorization to an agent to sell lands of the estate, nor the agent in executing a contract to sell pursuant to such authority, are liable to the purchaser on an implied warranty of authority when the instruments themselves disclose that they were acting in their representative capacities, since their want of authority is apparent upon the face of the instruments.

**5. Executors and Administrators § 13a—**

   Administrators having an interest in the estate as heirs who contract in their representative capacity to sell lands of the estate are bound by the contract insofar as their individual interest in the lands is concerned.

APPEAL by plaintiff from *Stevens, J.,* May 1958 Term, of GATES.

Plaintiff filed his complaint to compel defendants, the children of E. F. Turner and their respective spouses, to convey thirty acres of land inherited from their father pursuant to an asserted authorization and a contract pursuant thereto as follows:

"To: Mr. L. G. Webb, Gatesville, N. C.

"You are hereby authorized and empowered to serve as agent of the undersigned, Administrators of the estate of E. F. Turner, deceased, in the matter of negotiation looking toward sale of the woodland of E. F. Turner Estate (description immaterial) containing thirty (30) acres, more or less.

"As such agent you are authorized to contract, confer with and to make contract with any person, firm or corporation whom you may think to be interested in purchasing said lands and, upon completion of such negotiation and upon indication by you of readiness to culminate such contract as you consider desirable and for the best interests of such estate we obligate to execute and deliver fee simple and warranty deed for the above described lands.

"This 6th day of April, 1956.

(s)  W. E. Turner

(s)  George L. Turner
     Admrs. E. F. Turner Estate."

"$10.00

"Received of J. W. Griffin Ten and 00/100 ($10.00) Dollars as deposit and evidence of good faith on purchase of the E. F. Turner estate (description omitted), containing thirty (30) acres, more or less. Balance of said agreed purchase price of One Thousand and seventy five (1075.00) Dollars is to be paid in cash, or equivalent, upon tender of good and sufficient fee simple deed to said Griffin from the heirs at law of said E. F. Turner and their respective husbands and/or wives.

"This 11th day of April, 1956.

(s) L. G. Webb
Agent for G. L. Turner and
Willie E. Turner, Admrs.
E. F. Turner Estate."

"Witness:
(s) W. S. Privott"

Plaintiff alleged defendants refused to comply with the assertedly authorized contract.

L. G. Webb, husband of a child of E. F. Turner, answered and admitted the execution of the writings as set out in the complaint. He asserted he acted in good faith but only as agent for the administrators in dealing with plaintiff and offered so far as was in his power to comply.

Defendants W. E. Turner and G. L. Turner admitted the execution of the paper addressed to L. G. Webb dated 6 April 1956. They deny that they thereby became personally obligated or that L. G. Webb had authority to bind them personally. They admitted they refused to convey.

The remaining defendants representing six of the eight children of E. F. Turner denied the execution of the paper writings and denied any authority on the part of their codefendants to bind them.

Plaintiff was permitted to amend his complaint to allege that subsequent to the refusal to convey defendants had entered and cut and removed timber from the land described in the writings sued on, to the value of $20,077.20. The prayer of the complaint was amended to seek damages for the asserted value of the timber cut in addition to a decree for specific performance.

Defendants moved for nonsuit at the conclusion of the evidence. The motion was allowed. Plaintiff appealed.

*LeRoy & Goodwin for plaintiff, appellant.*
*W. S. Privott for defendant appellee, L. G. Webb.*
*Worth & Horner for all defendants other than L. G. Webb.*

RODMAN, J. Plaintiff offered evidence sufficient to establish the execution of the writings of 6 April and 11 April, a demand for performance, and defendants' refusal to convey. He likewise offered evidence tending to show that subsequent to the institution of the action defendants had cut and removed timber. No evidence was offered to show that the defendants other than L. G. Webb, W. E. Turner, and G. L. Turner, authorized the execution of the paper writings on which plaintiff relies.

Plaintiff, in his brief filed here, concedes that the judgment of non-

suit is correct as to the defendants other than the defendants Webb and W. E. and G. L. Turner. This concession, correctly made, leaves for decision these questions: (1) Are defendants Webb and Turner liable for breach of an implied warranty of authority to convey the interest of their codefendants, and (2) Is plaintiff entitled to enforce the contract as to the shares of defendants W. E. and G. L. Turner.

The answer to the first question is found by an examination of the writings on which plaintiff predicates his right to relief. These writings show that Webb was acting as agent for the administrators. It was the administrators who appointed Webb as their agent. In the writing of 6 April there is nothing which purports to assert authority to act for the heirs individually. Plaintiff knew that Webb was acting only as agent for the administrators. He knew that the paper which appointed Webb as agent came from the makers as administrators and not as agents for the heirs.

Title to real estate, upon the death of an owner, vests in the heirs and not in the administrators. The personal representative has no power as such to convey. *Parker v. Porter,* 208 N.C. 31, 179 S.E. 28; *Floyd v. Herring,* 64 N.C. 409. Plaintiff was aware of this fact when he paid his ten dollars to Webb. The receipt given by Webb calls for payment of the balance of the purchase price when good and sufficient deed was tendered by the heirs at law and not by the administrators for whom Webb acted.

Plaintiff does not assert that any express warranty of authority existed to bind the heirs. His position is that when one contracts as an agent to convey land, the law will imply a warranty of authority to act. The law does imply a warranty when the party with whom the contract is made does not know the true facts and does not know that in truth and in fact the person sought to be bound is lacking in authority. When, however, the person who claims to be protected knows that the person in whose name and behalf the contract is made in fact has no authority to act, the law will not imply a warranty to act. It would be palpably unjust to create a fiction for the benefit of one who acted with knowledge of facts which are at complete variance with the proposed fiction. Hence, we have heretofore held that when one contracts as administrator to convey land, who has no personal right therein, he is not liable on an implied warranty because the heirs at law are not bound by the contract. *Hedgecock v. Tate,* 168 N. C. 660, 85 S.E. 34, Ann. Cas. 1916D 449. For the same reason a guardian who contracts to convey the property of his ward is not liable on an implied warranty of authority. *Leroy v. Jacobosky,* 136 N.C. 443, 67 L.R.A. 977. These cases but illustrate the principle which finds full support in numerous other cases. *Joyner v. Crisp,* 158 N.C. 199, 73 S.E. 1004; *Love v. Harris,* 156 N.C. 88, 72 S.E. 150; *Hite v.*

*Goodman,* 21 N.C. 364; *Potts v. Lazarus,* 4 N.C. 180; *Fuller v. Melko,* 76 A 2d 683 (N.J.); 3 C.J.S. 117 and 118; 2 Am. Jur. 249.

Application of the law to the facts of this case brings a negative answer to the question propounded with respect to the liability of defendants on the asserted implied warranty to represent the heirs.

This leaves for determination the force and effect of the writings with respect to the shares of the defendants W. E. Turner and G. L. Turner.

As noted above, the reason for denying the implication of a warranty is knowledge that the contracting party has neither right nor the power to act, but the law is well settled that when one enters into a contract it will be presumed that he did so in good faith and will, so far as lies in his power, comply with his contract.

So when one purporting to act in a representative capacity contracts to convey, the law will imply that so far as his individual interest in the property is concerned he has authority to act in his representative capacity. *Woody v. Pickelsimer,* 248 N.C. 599, illustrates the rule. If he would exclude individual responsibility he should do so by clear and express language. *Bessire & Co. v. Ward,* 209 N.C. 266, 183 S.E. 534; *Banking Co. v. Morehead,* 116 N.C. 410; *Banking Co. v. Morehead,* 116 N.C. 413.

It is said in 24 C.J. 153: "In the absence of some power contained in the will, or of authority derived from statute or an order of court, neither an executor nor an administrator has any power whatever to sell the real estate of a decedent. An unauthorized conveyance may be enjoined at the suit of heirs or devisees, and *a deed made by the representative without authority is void, except as it may operate to pass his own interest in the land as heir or devisee,* and cannot effect the rights of other heirs or devisees who seasonably undertake to assert such rights." (Italics supplied) See also 33 C.J.S. 1286.

"The deeds to the railroad company, under which complainant claims, were executed by three executors and they contained covenants of warranty by them in their representative capacities. One of the executors was the widow of the deceased owner of the lands and under the will she took a half interest therein. The deeds were void as executors' conveyances because no authority to make them had been procured from the court having jurisdiction; but they nevertheless operated as conveyances of the widow's individual interest." *Rannels v. Rowe,* 145 F 296.

In *Parks v. Knox,* 130 S.W. 203 (Tex.), the court said: "But assuming that the conveyance of Boyd and Mrs. Parks, in which they undertook to transfer the land in controversy to Beard and Ezell, was void in so far as it operated upon any title held by them as executors of the estate of W. S. Parks, it does not follow that it was ineffectual

for any purpose. Mrs. Parks was not only an executrix, but a joint owner of the land described in her deed; and while she might not be able to transfer any title, acting in her fiduciary capacity, because she had none, her deed would nevertheless invest her grantees with such interest as she owned in her individual right."

*Moffitt v. Rosencrans,* 69 P 87 (Cal.), involved the validity of a lease and option executed by plaintiff as executrix. The court said: ". . . plaintiff's testator died seised of the land in question, leaving a will under which she is the sole beneficial owner of the land in question, and, as she was not empowered by the court to sell the land, her contract with the defendant was binding on her personally."

*Dial v. Martin,* 37 S.W. 2d 168; *Shaw v. Clements,* 1 Call (Va.), 429; *Phillips v. Hornsby,* 70 Ala. 414; *Millican v. McNeill,* 21 L.R.A. (N.S.) 60, furnish other illustrations of the application of this salutary rule.

On the facts developed at the trial defendants W. E. Turner and G. L. Turner are, as to their respective one-eighth interest, bound by their contract.

As to the defendants W. E. Turner and G. L. Turner: Reversed.

As to remaining defendants: Affirmed.